[No. 50915-8.   En Banc.   May 23, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. RAYMOND OWEN WOLKEN, ET AL, *Petitioners.*

*Richard Hansen, Allen & Hansen, P.S.,* and *Jeffrey D. Cohen,* for petitioners.

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Senior Appellate Attorney,* for respondent.

BRACHTENBACH, J.—Defendants appeal their convictions for possession of a controlled substance. We affirm.

The major issue is what preliminary showing is required during an in camera examination so as to require disclosure of the confidential informant and what requires further inquiry into the asserted material misrepresentations contained in the search warrant affidavit. Additional issues are whether the search warrant was facially valid and whether the conduct of the informant constituted governmental misconduct necessitating dismissal.

On April 30, 1982, Officer Purcell of the King County Police Department received a tip from a confidential informant that the defendants, Raymond O. Wolken and Cheri Roxanne Chavez, were growing marijuana in their Kirkland residence. On that same day Officer Purcell obtained a search warrant from a King County District Court Judge.

Officer Purcell's affidavit for the warrant recited that the informant stated that he had been in the residence on April 27 and 28, 1982, and observed marijuana plants, approximately 2 feet tall, being cultivated in the back bedroom with the use of halide grow lights and cardboard covered windows. The informant stated that he had previously provided information to Detective Patten of the county sheriff's office in Medford, Oregon. The affidavit additionally recited that when Officer Purcell contacted Detective Patten he was informed that the informant had been associated with Detective Patten for the past 3 months and had provided information which led to one arrest and seizure of marijuana. Also, the affidavit recited that Officer Purcell's attempt to determine the amount of electricity being consumed at the residence had failed because Puget Sound Power and Light Company had no record of the defendants' past consumption.

The search warrant was served at defendants' residence and marijuana and psilocybin mushrooms were found and

seized. The defendants were later arrested and charged with possession of a controlled substance.

Prior to trial, Chavez and Wolken filed joint motions to compel disclosure of the informant, to dismiss the charges, or, in the alternative, to suppress the evidence seized pursuant to the warrant. They asserted that the only person admitted to their residence on April 27 and 28 was Robert Thorpe, an old acquaintance of Chavez's. Chavez asserted in her affidavit that Thorpe had forced his way into the Kirkland residence on both days and vandalized the house, threatened her, and forced his way into the back bedroom, which housed the marijuana plants. A friend of Chavez's, present on April 28, supported Chavez's assertions by affidavit.

One of the defendants' attorneys stated in an affidavit that Thorpe called him and threatened to kill the defendants. The attorney also asserted that when he contacted Thorpe's probation officer in Oregon he was informed that Thorpe had been kidnapped, in a drug–related incident, and in the subsequent trial of the kidnappers Thorpe had denied the kidnapping had occurred.

At the initial hearing on their motions, the defense asserted that Thorpe was the confidential informant. It was argued that the fruits of the search should be suppressed because Officer Purcell had failed to corroborate the informant's information and had misled the magistrate regarding the informant's criminal history, his reliability, and his relationship with the defendants. The motion for dismissal was based on the assertion that the informant was acting as an agent of the police at the time he entered the residence. The motion for disclosure and production of the informant was based on the assertion that the informant would reveal the lack of disclosure by the affiant in the search warrant.

The trial court ordered an in camera examination of the affiant, Officer Purcell, without the presence of the defendants or their counsel. The contents of this hearing were sealed. Thereafter, the trial court denied the defense motions in their entirety.

■■■ To determine the facial validity of the search warrant we turn to the 2–pronged test set forth in *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969) and *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964), our adherence to which we recently reaffirmed in *State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984). For an informant's tip, as detailed in an affidavit, to create probable cause for the issuance of a search warrant the officer's affidavit must (1) set forth some of the underlying circumstances from which the informant drew his conclusions so that a magistrate can independently evaluate the reliability of the manner in which the informant acquired his information; and (2) set forth some of the underlying circumstances from which the officer concluded that the informant was credible and his information reliable. *Aguilar,* 378 U.S. at 114; *Spinelli,* 393 U.S. at 413; *Jackson,* at 435. Both prongs must be satisfied.

The first "basis of knowledge" prong is satisfied here because the affidavit states that the informant claimed to have personally viewed the marijuana in some detail and was passing on firsthand information. *Jackson,* at 437; 1 W. LaFave, *Search and Seizure* § 3.3(d) (1978). The second "veracity and reliability" prong is satisfied because the affiant sets forth in the affidavit the information about the confidential informant's reliable "track record" in Oregon. *Jackson,* at 437. In this case, where the affidavit was sufficient to satisfy both prongs of the *Aguilar–Spinelli* test, independent corroboration by Officer Purcell was unnecessary. *Jackson,* at 438; 1 W. LaFave § 3.3(f). The search warrant affidavit was facially valid.

To determine the validity of the content of the search warrant we turn to *Franks v. Delaware,* 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978) and the line of cases which interpret and apply it to various search warrant situations.

The Court in *Franks v. Delaware, supra,* held that an accused may challenge the veracity of factual allegations made in a facially valid search warrant affidavit. Although

there is a presumption of validity with respect to the affidavit, an evidentiary hearing is mandated when the defendant makes a preliminary showing that the affiant knowingly, intentionally, or with reckless disregard for the truth included in his affidavit a false statement that was necessary to the finding of probable cause. *Franks,* 438 U.S. at 155; *State v. Haywood,* 38 Wn. App. 117, 121, 684 P.2d 1337 (1984). The challenge must be to the representations of the affiant himself, not to those of the governmental informant. *Franks,* 438 U.S. at 171; *State v. Mannhalt,* 33 Wn. App. 696, 702, 658 P.2d 15 (1983).

The defendant in *Franks* challenged the affiant officer's description of his own observations. The Court, therefore, observed that "we need not decide, and we in no way predetermine, the difficult question whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made." *Franks,* 438 U.S. at 170. The issue left open by *Franks* involves the conflict between the defendant's need to question the informant and the privilege of the government to withhold from disclosure the identity of police informers. *State v. Cleppe,* 96 Wn.2d 373, 635 P.2d 435 (1981), *cert. denied,* 456 U.S. 1006 (1982); RCW 5.60-.060(5); CrR 4.7(f)(2).

■ In *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957), the United States Supreme Court recognized that the informer's privilege is not absolute and must yield where such disclosure is relevant and helpful to an accused and essential to a fair trial. In *McCray v. Illinois,* 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056, *reh'g denied,* 386 U.S. 1042 (1967), the Court rejected the contention that an accused has a constitutional right to disclosure of an informant who supplied information bearing solely on the issue of probable cause. However, *McCray* did not establish an absolute rule against disclosure. Rather, the Court simply rejected the notion that such disclosure is *always* required. Disclosure may be allowed where deemed necessary to assess the affiant's credibility or accuracy.

*State v. Casal,* 103 Wn.2d 812, 699 P.2d 1234 (1985); *United States v. Kiser,* 716 F.2d 1268 (9th Cir. 1983); *State v. Haywood, supra.*

The risks of disclosure of the informant must be balanced by the trial court against the risk that nondisclosure may conceal police perjury. 1 W. LaFave § 3.3, at 576–77. In camera hearings have been recognized as a means of achieving such a balance. *See United States v. Kiser, supra; United States v. Moore,* 522 F.2d 1068 (9th Cir. 1975), *cert. denied,* 423 U.S. 1049, 46 L. Ed. 2d 637, 96 S. Ct. 775 (1976); *State v. Haywood, supra;* Rosenbach, *Disclosure of Identity of Confidential Informant Under Franks v. Delaware,* 10 Search & Seizure L. Rep. 181 (1983). *See also State v. Smith,* 101 Wn.2d 36, 677 P.2d 100 (1984). In the present case the trial court adequately achieved a balance between the competing interests of the defendants and the State by holding an in camera hearing.

In *United States v. Kiser, supra,* the Ninth Circuit held that the trial court should hold an in camera hearing to verify the identity of the informant. If the defendant has correctly identified the informant, the procedure must be extended to determine if the defendant is entitled to an open evidentiary hearing on his *Franks* claim. *Kiser,* at 1273. If the defendant has made a "'threshold substantial showing of falsehood", the defendant is entitled to a *Franks* hearing. *Kiser,* at 1273.

The appellate courts will not act as a rubber stamp for the trial court's in camera hearing process. The record of the hearing must be made available to the appellate court. The record must indicate the true identity of the informant, and evidence a thorough and vigorous investigation by the courts to determine the veracity of the affiant's representations. The court, however, has wide discretion to fashion the hearing at this stage in the proceedings where guilt is not at issue. The court's determination will be reviewed only for an abuse of discretion. *State v. Haywood, supra* at 124.

In the present case the trial court undertook vigorous

questioning in the in camera hearing to determine whether a substantial showing of falsehood was made. After thorough review of the in camera hearing we find that the trial court's determination of lack of the threshold substantial showing of falsehood is not manifestly unreasonable nor based upon untenable grounds or reasons. The trial court's denial of both the *Franks* hearing and the disclosure of the informant was not an abuse of discretion.

Finally, to determine whether the charges against the defendants should be dismissed due to governmental misconduct, we turn to CrR 8.3(b). CrR 8.3(b) provides:

> The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order.

The purpose of the rule is to see that one charged with a crime is fairly treated. *State v. Whitney,* 96 Wn.2d 578, 637 P.2d 956 (1981).

▮ Because the exclusionary rule is inapplicable to the actions of private persons, the misconduct must be that of a government agent. *State v. Mannhalt,* 33 Wn. App. 696, 702, 658 P.2d 15 (1983). It must be shown that the State in some way "instigated, encouraged, counseled, directed, or controlled" the conduct of the private person. *Mannhalt,* at 702.

We recognize that an agreement between the government and an informant to obtain information for the government is sufficient to find the informant a government agent. *United States v. Cella,* 568 F.2d 1266 (9th Cir. 1977). However, after a review of the in camera hearing record, including the identity of the informant and his relationship with the government, we find that the informant was not acting as a government agent.

In summary, we find that the search warrant affidavit was facially valid; that the trial court did not abuse its discretion in denying both the full *Franks* evidentiary hearing and disclosure of the confidential informant; and that no governmental misconduct occurred.

We affirm.

DOLLIVER, C.J., UTTER, DORE, PEARSON, CALLOW, and GOODLOE, JJ., and HENRY and WIELAND, JJ. Pro Tem., concur.