[No. 18566–7–I.   Division One.   July 30, 1986.]

THE STATE OF WASHINGTON, *Petitioner,* v. ALBERT EARL BLACKSHEAR, ET AL, *Respondents.*

*Norm Maleng, Prosecuting Attorney,* and *David H. Smith, Deputy,* for petitioner.

*Mark W. Muenster* of *Washington Appellate Defender Association,* for respondent Blackshear.

*Lois D. Trickey* and *Edward Gibson,* for respondent Redd.

PER CURIAM.—The State seeks discretionary review of a pretrial order requiring it to give limited answers to certain interrogatories. We accept discretionary review pursuant to RAP 2.3(b) and reverse.

Defendants Blackshear and Redd have been charged with several counts of violating the Uniform Controlled Substances Act. Prior to trial, both defendants moved to suppress evidence which had been seized as the result of the execution of several search warrants. In defendant Blackshear's motion, he also requested the following:

> The State should be required to give the defendant the specific information requested by interrogatories[1] filed

---

[1] "1. Please state whether the 'confidential and reliable informants' described in the search warrants in this case will be produced at a hearing, or, upon request, for deposition.

" . . .

"2. Please state whether or not the 'reliable informants['] in this case were paid money or anything of value for the actions described here, or for any previous activities in relation to the Seattle Police Department or other police investigative actions.

" . . .

"3. Please identify the court numbers and names of the cases in which the affidavits state there [sic] informants previously provided information which resulted in seizures and/or charges and/or convictions.

" . . .

"4. Please identify the court numbers and names of any cases in which the informants provided information that did not result in issuance of a warrant, arrest, and/or charges.

" . . .

"5. Please indicate what controlled substances were seized as the result of prior searches and who tested those substances and by what method they were tested.

" . . .

"6. Please list any criminal convictions, charges or allegations pending against the informants before or at the time of their investigative activities in this case.

" . . .

"7. Please describe any offers of leniency in sentencing or charging made to the informants prior to, during or after their investigating activities in this case.

" . . .

"8. Please state any information in your possession indicating that the public interest would suffer by the disclosure of any of the matters requested above.

" . . .

"9. Please state whether or not the informants made any notes or other record of his or her observations."

with the Court by defendant under CrR 4.7(c)(1). The information requested is relevant to whether the informant(s) in this case were in fact credible as to whether the affidavits contained any material risresentations [*sic*] or misstatements which might invalidate the warrant.

Defendant Redd subsequently joined in this discovery request. Defendant Redd also filed a motion to suppress and for disclosure of the identity of the informant on the ground that disclosure is relevant and helpful to a fair trial. *See State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006 (1982).

The State opposed the discovery request contending that the information sought was not relevant or material to the defendant's defense at trial. The trial court conducted an in camera hearing in which it examined the police officers whose affidavits formed the basis for the issuance of the search warrants, and thereafter ordered the State to give limited answers to the interrogatories.[2] The State seeks discretionary review of this decision.

The issue presented is whether the trial court erred in requiring the State to give answers to the interrogatories which are sought solely to enable the defendants to challenge the credibility of the informant and to determine whether the search warrant affidavits contain any material misrepresentations or misstatements.

Defendants contend that the trial court's order requiring the State to answer the interrogatories is within its discretion under CrR 4.7(c) which requires the State upon request to disclose any relevant material or information concerning specified searches and seizures and the relationship of specified persons to the prosecuting authority. Defendants also contend that the trial court did not abuse its discretion by ordering the State to answer the interrogatories under CrR 4.7(e). We disagree.

---

[2]The parties concede that the trial court has provided the defendants with limited answers to the first three interrogatories. The answers to the remaining questions are included within a sealed order.

■ It is well established that there is a presumption of validity concerning a facially valid search warrant and that a defendant is entitled to go beyond the face of the search warrant affidavits only in limited circumstances. *State v. Wolken,* 103 Wn.2d 823, 700 P.2d 319 (1985).

> Although there is a presumption of validity with respect to the affidavit, an evidentiary hearing is mandated when the defendant makes a preliminary showing that the affiant knowingly, intentionally, or with reckless disregard for the truth included in his affidavit a false statement that was necessary to the finding of probable cause. *Franks* [*v. Delaware,* 438 U.S. 154,] 155, [57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978)]; *State v. Haywood,* 38 Wn. App. 117, 121, 684 P.2d 1337 (1984). The challenge must be to the representations of the affiant himself, not to those of the governmental informant.

*State v. Wolken, supra* at 827–28.

In the instant case, the defendants have not made the initial threshold showing that the affiants knowingly, intentionally, or with reckless disregard for the truth included false statements in their affidavits. Accordingly, the trial court erred in ordering answers to the interrogatories since it permitted the defendants to obtain information beyond that stated in the affidavits without the necessary showing. Although the defendants contend that the discovery in the instant case was necessary to make the necessary threshold showing, they cannot through discovery attack a facially valid warrant and obtain the same information as would be disclosed at a full evidentiary hearing required by *Franks v. Delaware,* 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978).

We recognize the difficulty a defendant may have in making the threshold showing required by *Franks* when there is a secret or confidential informant. A defendant is not, however, without a remedy. The court in *State v. Casal,* 103 Wn.2d 812, 819, 699 P.2d 1234 (1985) held that because of the dilemma created for the defendant who is faced with a secret informant, an in camera hearing procedure should be utilized.

An in camera hearing serves to protect the interests of both the government and the defendant; "the Government can be protected from any significant, unnecessary impairment of . . . secrecy, yet the defendant can be saved from what could be serious police misconduct." *United States v. Moore,* 522 F.2d 1068, 1073 (9th Cir. 1975). Since the anonymity of the informant is fully preserved, the government has "no legitimate objection" to the in camera proceeding. Grano, *A Dilemma for Defense Counsel: Spinelli–Harris Search Warrants and the Possibility of Police Perjury,* 1971 U. Ill. L.F. 405. Accordingly, we have recently endorsed the in camera examination of the affiant and/or secret informant in a situation where the police claim they have relied on a secret informant to establish probable cause and the defendant challenges the existence of the informant or the veracity of the officer–affiant. *State v. Wolken,* 103 Wn.2d 823, 700 P.2d 319 (1985).

The court in *State v. Casal, supra* at 820 fashioned a rule which "requires the trial court to exercise its discretion to order an in camera hearing where the defendant's affidavit casts a reasonable doubt on the veracity of material representations made by the affiant." The court indicated that the defendant need make only a minimal showing of inconsistency between what the affiant stated and what the defendant alleges to be true and that defendant's proof may consist of mere allegations if a legitimate question regarding the existence of an informant or the affiant's veracity is raised.

Here, the trial court conducted an in camera hearing of the three police officers whose affidavits were filed in support of the application for the search warrants. The trial court did not state its reasons for ordering the in camera hearing, and the limited record on review does not show that the defendants have demonstrated legitimate questions regarding the existence of an informant or the affiants' veracity. Nor have defendants made a minimal showing of inconsistency as required by *State v. Casal, supra.* Even when considering the answers to the interrogatories, the threshold showing of falsehood as required by

*Franks* and *Casal* has not been established. The defendants are, accordingly, not entitled to a full evidentiary hearing. They are therefore not entitled to discovery in order to prepare for such a hearing. Since the defendants' showing was insufficient, the trial court abused its discretion in ordering the State to answer the interrogatories.

Reversed and remanded. The previously granted stay is dissolved upon issuance of the mandate.