ON RETURN TO REMAND
The appellant, Richard Franks, was charged by indictment with possession of a controlled substance (cocaine). After an evidentiary hearing, the trial court denied the appellant's motion to suppress the powdered cocaine that was found in the appellant's desk at his place of employment. The appellant subsequently entered a guilty plea to the charge. In doing so, he reserved the right to appeal the issue of the legality of the search that resulted in the seizure of the cocaine.
The appellant's desk was searched pursuant to a search warrant obtained on the basis of information provided by a confidential informant. On original submission, this Court held that the trial court had erred at the suppression hearing, "by foreclosing an inquiry into whether the informant — who must have probed into the appellant's desk in order to have seen the contraband at the time he claimed to have seen it — was acting as an agent of the State when he made that 'search.' " Franksv. State, 615 So.2d 1271, 1274 (Ala.Cr.App. 1992). We then remanded this cause with the following directions:
 "On remand, we direct the circuit court to order the District Attorney to reveal to the appellant whether or not Jessie Dennis Latham was the confidential informant in this case. In the event the circuit court determines that Latham was the informant, we further direct that court to hold a new hearing on the appellant's motion to suppress. At that hearing, the appellant shall be allowed to inquire into the circumstances surrounding Latham's search of the appellant's desk in order to determine (1) the extent of law enforcement encouragement or participation in Latham's search, and (2) Latham's motivation for the search. The trial court shall make findings of fact and conclusions of law on each material issue.
 "The trial court shall take the necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion."
Id. at 1276 (emphasis in original). The State petitioned the Alabama Supreme Court for certiorari review. That Court denied the petition on March 26, 1993.
On remand, the district attorney filed a motion requesting an in camera hearing and asserting that he had "previously testified under oath that he did not know the identity of the informant" and that he still did not know the informant's identity and did not have the "means of acquiring such information." He further stated that "the State of Alabama, by and through Investigator Kenneth King [the law enforcement agent to whom the informant reported], has guaranteed *Page 1116 
the informant in this case that his or her identity will not be revealed" and that "[t]here is a compelling state interest in protecting the anonymity of this informer."[1] The motion then asserted "[t]hat an in camera hearing would, to some degree, protect important state interests and at the same time reasonably comply with the appellate court's decision relating to disclosure." When the trial court granted this motion, the appellant filed a petition for a writ of mandamus with this Court seeking to compel the trial court to comply with the remand order. In its response to this petition,[2] the trial court stated that in granting the State's motion, it had advised the parties
 "that an in camera hearing would be held and that agent Kenneth King and Jessie Dennis Latham[, the suspected informant,] would be called as witnesses and that each side could submit any questions they wished to be asked of these witnesses. They were further advised that they could call any other witness they desired to be questioned in an open hearing on the same day."
The trial judge further stated in his response that he intended
 "to then rule on the question of whether Jessie Dennis Latham was an agent of the police, if in fact he was the confidential informant [and] to have the in camera hearing testimony transcribed and sealed to send to this . . . Court along with any other evidence that might be presented in the open hearing."
This Court denied the writ without opinion. See Ex parteFranks, 639 So.2d 587 (Ala.Cr.App. 1993) (table). The Alabama Supreme Court also denied without opinion a petition for a writ of mandamus filed in that Court. See Ex parte Franks, [1930340, January 26, 1994], ___ So.2d ___ (Ala. 1994) (table).
On March 18, 1994, the trial judge conducted the in camera hearing. Both the prosecutor and defense counsel submitted written questions[3] to be asked of Latham and King, and the trial court apparently utilized these questions at the in camera hearing. The transcript of the in camera hearing was sealed and has been filed in this Court. Neither the state nor the appellant have been provided with a copy of that transcript.
The trial court held an evidentiary hearing in open court on April 13, 1994. That hearing was conducted "as if [the identity of the informant were] not known." Remand R. 5. At that hearing, the trial court permitted the appellant's counsel to "ask any questions that you want to this morning of any other witnesses concerning whether or not the suspected informant was an agent of the police, just so it does not go to whether or not he was the informant in this case." Remand R. 6.
On April 15, 1994, the trial court entered a written order, which has been filed with this Court, but which has not been released to either party to this appeal. In this order, the trial court stated that it had conducted the proceedings as outlined in its response to the mandamus petition. It then stated:
 "The purpose of this procedure was to protect the confidentiality of the informant in this case and to avoid a procedure that would allow the disclosure of the identity of confidential informants in future cases. Potential informants would simply refuse to give information to law enforcement in the future if they knew that their identity could be discovered in a motion hearing such as the one that had been requested in this case. At the same time, this Court is mindful of the defendant's constitutional rights against unlawful searches and seizures and the importance of having these rights protected. The Court feels that this *Page 1117 
procedure balances the long recognized right of an informant in criminal investigations in this State to have his identity remain confidential; the State's right not to have potential informants refuse to give information because of the possibility of their identity being revealed; and, the right of a defendant to have his constitutional rights against unlawful searches and seizures protected."
The trial court also made specific findings of fact regarding all of the matters covered by this Court's order of remand.
The return to our order of remand was filed in this Court on April 19, 1994 — 17 months after the remand order was issued. The parties were granted leave to file briefs, and the case was resubmitted on June 7, 1994.
 I
The appellant complains that the trial court has not complied with this Court's remand order and that the cause should be remanded once more for it to do so.
The general rule is as follows:
 "On remand, the issues decided by the appellate court become law of the case and the trial court's duty is to comply with the appellate mandate 'according to its true intent and meaning, as determined by the directions given by the reviewing court.' Ex parte Alabama Power Co., 431 So.2d 151
(Ala. 1983) (emphasis added [in Walker]). When the mandate is not clear, the opinion of the court should be consulted. See Cherokee Nation v. Oklahoma, 461 F.2d 674 (10th Cir.), cert. denied, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 489
(1972)."
Walker v. Carolina Mills Lumber Co., 441 So.2d 980, 982
(Ala.Civ.App. 1983). In this case, the trial court clearly has not strictly complied with the remand directions issued by this Court. However, the trial court has taken the action required to obtain the information that we deemed necessary in the remand order and has done so in such a manner that it is readily reviewable by this Court. For the reasons discussed in Part II of this opinion, we conclude that the trial court has made every reasonable effort to comply with the spirit and intent of the Court's remand order.
It should be noted that our denial of the appellant's petition for a writ of mandamus was not necessarily dispositive of this issue. Ex parte Spears, 621 So.2d 1255, 1258 (Ala. 1993) ("mandamus review will generally be restricted in the future to those cases where one of the recognized exceptions [to the general rule that orders ultimately reviewable on appeal from a final judgment are not subject to mandamus review] applies, or to those extraordinary cases where the rights of the parties cannot be adequately protected by appellate review of a final judgment").
 II
The appellant asserts that by refusing to disclose the identity of the informant, the trial court has foreclosed his opportunity for a full and fair suppression hearing and has denied him his rights of confrontation and cross-examination. The appellant also contends that the in camera hearing procedure utilized by the trial court denied him his right to be heard and denied him his right to a public trial. The appellant further contends that the trial court, by foreclosing inquiry about the activities of the informant, improperly limited the appellant's right to challenge a facially sufficient search warrant by showing that the informant was actually a state agent. Finally, the appellant argues that the evidence establishes that the confidential informant was an agent of the state. We reject these contentions.
 "It is well recognized that the prosecution has the privilege to withhold the identification or production of persons who furnish information to law enforcement officers. See Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). See generally United States v. Herrero, 893 F.2d 1512, 1525 (7th Cir.), cert. denied, 496 U.S. 927, 110 S.Ct. 2623, 110 L.Ed.2d 644 (1990). However, this privilege is not absolute. 'Where the disclosure of an informer's identification, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give *Page 1118 
way.' Roviaro, 353 U.S. at 60-61, 77 S.Ct. at 628. In Roviaro, the United States Supreme Court refused to establish a 'fixed rule' for disclosure of informant identity, noting that
 " '[t]he problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'
"353 U.S. at 62, 77 S.Ct. at 628-29.
 "While the prosecution's privilege to withhold an informant's identity may be defeated, 'the burden is on the defendant to demonstrate the need for the disclosure.' United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir. 1986), quoted in Lightfoot v. State, 531 So.2d 57, 59 (Ala.Cr.App. 1988)."
Berry v. State, 581 So.2d 1269, 1273 (Ala.Cr.App. 1991) (original emphasis omitted; emphasis added). Accord J. Colquitt, Alabama Law of Evidence § 5.8 at 178 (1990).
An in camera hearing is in many instances an appropriate way to perform the balancing test required in Roviaro v. UnitedStates, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639
(1957). See generally 1 W. LaFave, Searches and Seizures § 3.3(g) at 707-11 (1987). Under the circumstances in this case, the in camera hearing procedure struck a reasonable balance between the competing interests involved. State v. Wolken,103 Wn.2d 823, 700 P.2d 319, 321 (1985) (in camera hearing appropriate where defendant asserted "that the informant was acting as an agent of the police at the time he entered the [defendant's] residence"); State v. Robertson, 494 N.W.2d 718,722 (Iowa 1993) (in camera hearing appropriate where identity of informant is alleged to be "necessary to test the merit of the motion to suppress"); cf. Berry v. State, 581 So.2d at 1273 (in camera hearing appropriate "where the informant is more than a 'mere tipster,' but less than the only other participant in the charged crime").
Furthermore, the trial court followed procedures approved by many courts: it permitted both parties to submit questions to be asked of the witnesses and it had the testimony transcribed and sealed, so that a record was available for appellate review. See, e.g., United States v. Grisham, 748 F.2d 460,464-65 n. 2 (8th Cir. 1984); People v. Darden, 34 N.Y.2d 177,356 N.Y.S.2d 582, 585, 313 N.E.2d 49, 52 (1974); State v.Casal, 103 Wn.2d 812, 699 P.2d 1234, 1239 (1985); 1 LaFave § 3.3(g) at 708. These cited authorities approve of the exclusion of the defendant and defense counsel from the in camera hearing. While we note that at least one court has "suggested allowing counsel for the defendant at in-camera hearings along with the issuance of a gag order as a second best way to ensure the defendant's confrontation rights, [United States v. Singh,922 F.2d 1169, 1172 (5th Cir., cert. denied, 500 U.S. 938,111 S.Ct. 2066, 114 L.Ed.2d 471 (1991)], the use of this procedure is . . . within the judge's discretion subject to [review for abuse thereof]." United States v. Mendoza-Burciaga,981 F.2d 192, 196 (5th Cir. 1992), cert. denied, ___ U.S. ___,114 S.Ct. 356, 126 L.Ed.2d 320 (1993).[4] See generally 22A C.J.S. CriminalLaw § 540 (1989). We find no abuse of discretion in the trial court's exclusion of the appellant and his counsel from the in camera proceeding.
We conclude that the trial court did not err in refusing to reveal the identity of the informant to the appellant. See generally Annot., 76 A.L.R.2d 262 (1961). As noted above, disclosure of an informant's identity is required only when it "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause."Roviaro, 353 U.S. at 60-61, 77 S.Ct. at 628. The appellant has not asserted the existence of any defense he could have utilized had he *Page 1119 
known the identity of the informant. Thus, disclosure of the informant's identity is required only if it is essential to a fair determination of the appellant's motion to suppress. The only issue asserted by the appellant in this regard is that Latham was acting as an agent of law enforcement officers at the time the appellant's desk was searched.
The trial court specifically found that, regardless of whether he was the informant, Latham was not at any time relevant to the appellant's case an agent of law enforcement officers. The record affirmatively supports this finding. This determination having been made, it is clear that the identity of the informant is not "essential to a fair determination of [this] cause."
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] Although both parties to this appeal have asserted that this motion was filed, the motion was not included in the record on return to remand filed in this court on April 19, 1994. Pursuant to Rule 10(g), A.R.App.P., we have obtained a copy of the motion.
[2] While the record on the petition for a writ of mandamus "is not a part of the record in the present appeal, this Court may take judicial notice of its own records in this situation. SeeWadsworth v. State, 507 So.2d 572, 573 (Ala.Cr.App. 1987)."Hull v. State, 607 So.2d 369, 371 n. 1 (Ala.Cr.App. 1992).
[3] Although both parties to this appeal assert that written questions were submitted by the prosecutor and defense counsel, those questions are not contained in the record on appeal.
[4] In Mendoza-Burciaga, the trial court excluded the defendants and their attorneys from the in camera hearing. "To permit the defendants' inquiries to be answered, the court tape-recorded questions posed by their counsel before the in camera hearing and then had the government agents furnish their answers during the in camera hearing. The court itself questioned government counsel and the agents vigorously." Mendoza-Burciaga, 981 F.2d at 195.