**FILED**
**APRIL 12, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34929-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESUS MARTINEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

KORSMO, J. — Othello police executed a search warrant and arrested Jesus Martinez after finding evidence of a methamphetamine distribution operation in Mr. Martinez's house. A named informant provided probable cause for the search warrant. Mr. Martinez contends the trial court erred in failing to suppress the evidence obtained in the search, and argues that the affidavit for the search warrant did not establish the informant's basis of knowledge or his veracity. We hold that the search warrant was supported by probable cause, and affirm.

FACTS

Near midnight on April 26, 2016, Othello Police Officer David Maulen saw what appeared to be a hand-to-hand drug transaction in a convenience store parking lot. Officer Maulen questioned a man involved, who stated that he had just bought methamphetamine from the driver of a silver pickup truck. An officer soon stopped the departed pickup and arrested the driver, Raul Gonzalez, who unsuccessfully attempted to hide a baggie of methamphetamine in the gravel after he was detained.

While being transported to the police station, Mr. Gonzalez stated that he wanted to talk to officers about the incident. He later waived his *Miranda* rights and admitted to Officer Maulen that he sold methamphetamine in the parking lot for $7. Mr. Gonzalez stated that two additional baggies of crystal methamphetamine were hidden in the pickup's 4x4 gear shift box. According to Mr. Gonzalez, he obtained the methamphetamine earlier that night from his long-time friend Jesse (Jesus) Martinez, also known as "Panther." Clerk's Papers (CP) at 27. Mr. Gonzalez described "Panther's" house as white, with several solar-powered garden lamps and an older red car parked in the driveway. CP at 55. He stated that Panther lived there with his wife and a teenage son. Officer Maulen had investigated Panther two months earlier for methamphetamine delivery and knew that he drove a white Chevrolet Impala. Mr. Gonzalez affirmed that Panther drove a white Impala.

2

Officer Maulen got a warrant to search Mr. Gonzalez's car and discovered methamphetamine in the 4x4 gear box and $7 in cash, as predicted by Mr. Gonzalez. A woman who had been playing pool with Mr. Gonzalez on the evening of the incident told investigators that she believed Mr. Gonzalez left to visit Panther that night. She also described the solar-powered garden lamps at Panther's house.

On April 27, 2016, Officer Maulen prepared an affidavit for a warrant to search Mr. Martinez's house. The affidavit included the above details supplied by Mr. Gonzalez, his female friend, and Officer Maulen. Based on this affidavit, a district court judge signed the warrant to search Mr. Martinez's house for evidence of the crime of possession of a controlled substance. The search was conducted the next day, netting methamphetamine, cocaine, and evidence of distribution.

The State charged Mr. Martinez on April 29, 2016 with possession with the intent to deliver cocaine, possession with the intent to deliver methamphetamine, and second degree unlawful possession of a firearm. He moved to suppress the evidence obtained in the search of his house, arguing in part that the affidavit for the warrant lacked probable cause. In findings of fact and conclusions of law entered on December 12, 2016, the trial court found that Mr. Gonzalez was a named informant who made statements against his penal interest. For these reasons, the trial court concluded that Mr. Gonzalez "had a heightened reason to be truthful." CP at 28. The court thus concluded that probable

cause existed for the search warrant, and denied the motion to suppress. Mr. Gonzalez

was then convicted on stipulated facts of possession with intent to deliver

methamphetamine and second degree unlawful possession of a firearm.

## DISCUSSION

Mr. Martinez's sole issue on appeal is that the search warrant was not supported

by probable cause. He contends the search warrant affidavit failed to meet the test for

informant-based probable cause under *Aguilar-Spinelli*. *See Aguilar v. Texas*, 378 U.S.

108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89

S. Ct. 584, 21 L. Ed. 2d 637 (1969). We review the trial court's legal conclusion that

probable cause was established de novo. *State v. Chamberlin*, 161 Wn.2d 30, 40, 162

P.3d 389 (2007). In so doing, we give great deference to the magistrate's determination

of probable cause, and will not disturb the magistrate's decision to issue a warrant absent

abuse of discretion. *State v. Vickers*, 148 Wn.2d 91, 108, 59 P.3d 58 (2002).

An affidavit for probable cause to issue a search warrant must set forth facts

sufficient for a reasonable person to conclude that the suspect is probably involved in

criminal activity and that officers will find evidence of that criminal activity at the place

to be searched. *State v. Ollivier*, 161 Wn. App. 307, 316-17, 254 P.3d 883 (2011). The

affidavit is tested in a "commonsense, non-hypertechnical manner." *Chamberlin*, 161

Wn.2d at 41. When an informant's tip provides the basis for probable cause to search,

Washington courts apply the two-pronged *Aguilar-Spinelli* test, which requires the

affidavit for a search warrant to (1) set forth circumstances underlying the informant's

conclusions, so that the magistrate can evaluate the reliability of the informant's

information (the basis of knowledge prong); and (2) set forth circumstances underlying

the officer's conclusion that the informant is credible and reliable (the veracity prong).

*State v. Wolken*, 103 Wn.2d 823, 827, 700 P.2d 319 (1985); *Ollivier*, 161 Wn. App. at

317.

Mr. Martinez first challenges the informant's basis of knowledge. He contends the

affidavit does not establish that Mr. Gonzalez actually saw controlled substances in Mr.

Martinez's house or that Mr. Gonzalez had skill or training in identifying those

substances.

An informant's personal observations of the facts is sufficient to support the "basis

of knowledge" prong. *Wolken*, 103 Wn.2d at 827. Here, Mr. Gonzalez told officers that

he was an old friend of Mr. Martinez and had bought methamphetamine from him in the

past. Mr. Gonzalez admitted that he had received the methamphetamine involved in the

$7 sale earlier in the day, while visiting Mr. Martinez "at his home." CP at 55. While

there, Mr. Gonzalez continued, Mr. Martinez pulled half an ounce of methamphetamine

from his pocket and separated out $40-worth to give to Mr. Gonzalez. These facts are

sufficient to establish a reasonable person's conclusion that Mr. Gonzalez had experience

identifying methamphetamine and had observed the drug in Mr. Martinez's house. *See*

*Vickers*, 148 Wn.2d at 108-09 ("a magistrate is entitled to draw reasonable inferences

from the facts and circumstances set forth in the supporting affidavit").

Mr. Martinez also challenges the informant's veracity. He argues that the affidavit

was deficient because it did not provide any background on Mr. Gonzalez's reputation or

history of providing accurate information to law enforcement, and because it failed to

include Mr. Gonzalez's criminal history, which was quite extensive.

The veracity prong of the *Aguilar-Spinelli* test seeks to evaluate the truthfulness of

the informant. *Chamberlin*, 161 Wn.2d at 42. Where, as here, the informant does not

have a history of providing information to officers, the informant's reliability may be

established by circumstances that reasonably assure trustworthiness. *Id.* at 41-42; *State v.*

*Lair*, 95 Wn.2d 706, 710, 630 P.2d 427 (1981). An admission against penal interest is a

factor supporting an informant's reliability, especially when the informant publicly stands

by his information. *See Chamberlin*, 161 Wn.2d at 42.

Here, Mr. Gonzalez made a statement against his penal interest when he admitted

that he obtained methamphetamine from Mr. Martinez and then sold some of it in the

convenience store parking lot for $7. He also accurately predicted that officers would

find more methamphetamine in the gear shift box of his 4x4 vehicle. Mr. Gonzalez

provided accurate descriptions of Mr. Martinez's house and car, of the items found in the

4x4, and of the events leading up to his sale of the methamphetamine. This information was corroborated by the friends who accompanied him that night and by Officer Maulen's observations and experience. Altogether, these circumstances support a reasonable person's conclusion that Mr. Gonzalez was reliable.

Mr. Martinez notes that the affidavit failed to reveal that Mr. Gonzalez had an extensive criminal history, which Mr. Martinez asserts is evidence that Mr. Gonzales is not trustworthy. But the superior court rejected this argument because none of the criminal history involved dishonesty. Furthermore, Mr. Gonzales's criminal history, along with his admissions against penal interest, were strong motives for him to be accurate in the information he provided to the officers, especially if he hoped for a favorable sentencing recommendation. *See Chamberlin*, 161 Wn.2d at 42; *State v. Bean*, 89 Wn.2d 467, 471, 572 P.2d 1102 (1978); *Ollivier*, 161 Wn. App. at 318.

## CONCLUSION

The facts contained in Officer Maulen's affidavit in support of a search warrant were sufficient to support the magistrate's conclusion that the named informant had a basis of knowledge and was trustworthy, meeting the two-pronged test of *Aguilar-Spinelli*. Consequently, the trial court properly concluded that the affidavit supported probable cause to issue the search warrant.

No. 34929-2-III
*State v. Martinez*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.

8