IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASINGTON, | ) | |
| | ) | No.  34935-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAURA JEAN TAYLOR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Laura Taylor appeals her conviction for possession of a controlled substance, methamphetamine, arguing that the trial court erred in failing to grant her a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).  Because the trial court correctly determined that neither of the challenged omissions were material, we affirm.

At issue is methamphetamine discovered in Ms. Taylor's purse pursuant to a search warrant issued to look for stolen property that might be found in the purse.[1]  In limited circumstances, the information contained in or omitted from a search warrant can be challenged.  *Id*. at 155-156.  When information was deliberately or recklessly excluded

---

[1] Ms. Taylor also was charged with one count of third degree possession of stolen property.  The jury was unable to return a verdict on that count and it is not at issue in this appeal.

from an affidavit, a court is to add the information to the warrant and determine if probable cause still exists. *Id*. at 171-172. If there is still probable cause, the motion will be denied.[2] *Id*. at 172. If there no longer is probable cause, then the challenger is entitled to a hearing to attempt to establish the contention that the information was known to police and required to be included in the affidavit. *Id*.

We review a trial court's decision to deny a *Franks* hearing for abuse of discretion. *State v. Wolken*, 103 Wn.2d 823, 829, 700 P.2d 319 (1985). A search warrant is presumed valid. *State v. Chenoweth*, 160 Wn.2d 454, 477, 158 P.3d 595 (2007). The decision to issue a warrant is a discretionary action and, thus, doubts are resolved in favor of the warrant. *Id*.; *State v. Vickers*, 148 Wn.2d 91, 108-109, 59 P.3d 58 (2002).

The search warrant issued here for a purse belonging to Ms. Taylor that had been discovered inside a larger purse that (allegedly) did not belong to her. The officer checking for Ms. Taylor's purse had discovered the smaller purse inside the larger bag, but that information was not included in the search warrant, nor was the fact that no stolen property or weapons were observed in either purse during pre-warrant search. Ms. Taylor contends these were both important pieces of information for the issuing magistrate to consider.

---

[2] The same approach applies to false information that was deliberately or recklessly included in the affidavit—delete the information and determine if probable cause still exists. *Franks*, 438 U.S. at 171-172.

The trial court, however, determined the matters were not material in the *Franks* meaning of the term. We agree. Even if the omitted facts had been included, probable cause still existed to search the purse. Indeed, Ms. Taylor does not argue to the contrary. The search warrant explained how she was contacted outside a mobile home from which fixtures and other property had illegally been removed and told officers that her purse was inside the residence. The warrant authorized police to search her purse and her vehicle to recover items that might have been removed from the home.[3]

Adding in language describing that Ms. Taylor's purse allegedly was within someone else's purse does not alter the determination of probable cause related to her purse. The warrant specifically requested authority to search Ms. Taylor's purse located in the mobile home. It specifically limited police to that container. Identifying that there was a second bag might have been useful in determining whether the other bag should be searched or not, but the police only requested authority to search Ms. Taylor's purse, not the larger bag. The information did not relate to the question of whether authority should be granted to search Ms. Taylor's purse. It was not material under *Franks*.

---

[3] The affidavit also reported that when booked into the jail, items found in Ms. Taylor's pockets included an Allen wrench, screws, and washers. She told the officer that the items had come from the mobile home.

Similarly, the fact that officers searched the purse without reporting discovery of any stolen property was not material to the question of whether probable cause existed. Even if a clearer statement of the initial purse search was included in the affidavit,[4] probable cause still existed to search the purse. Ms. Taylor was caught at the scene; efforts had been made to remove fixtures from the home; she had a tool for unfastening items as well as fasteners she had removed from the house. It was reasonable to believe that more such items might be found in the purse. Explicitly adding that a search for identification had not uncovered any stolen property simply did not eliminate probable cause to search the purse.[5]

The trial court correctly concluded that the alleged omissions were not material under *Franks*. There was no abuse of discretion by denying the request for a hearing.

---

[4] Whether this information was omitted from the affidavit is a questionable assertion. The affidavit in support of the search warrant does report that an officer removed Ms. Taylor's purse from the mobile home and obtained her identification from the purse. Clerk's Papers at 16. From that statement, a magistrate could (1) infer that the officer did search the purse to some degree and, (2) since the officer did not report recovering any stolen property, the magistrate also could infer that none was observed.

[5] Details concerning the scope of the search were not provided, so we have no information how thoroughly the purse was searched.

No. 34935-7-III
*State v. Taylor*

The conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Siddoway, J.