IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37354-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ARTHUR ALEKSEEVYCH | ) | |
| SHCHUKIN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Arthur Shchukin appeals after his conviction for

vehicular homicide, operating a vehicle while under the influence. We affirm.

FACTS

One morning in late 2016, Arthur Shchukin met his girlfriend Alina Pozhar at

Jantzen Beach, Oregon. Shchukin drove Pozhar around for a couple hours before

stopping at a bar where they shared a bottle of wine. Toward evening, they headed east

on Highway 14 in Washington. While driving, Shchukin had three glasses of wine.

Driving too fast around a corner, Shchukin lost control of his car and crashed into a tree.

Two women immediately came upon the crash, and one called 911.

Clark County Sherriff's Deputy Seth Brannan responded to the call. When he arrived, Deputy Brannan approached the car and saw that Pozhar was dead. He then approached Shchukin who was sitting near the car.

Shchukin was very upset and told the deputy he was the driver of the car. Deputy Brannan then asked for Shchukin's name and the name of his passenger. Shchukin told the deputy his name and went on to tell the deputy that he had been driving too fast and showing off and said he "killed her." Report of Proceedings (RP) at 306. As Shchukin spoke, the deputy smelled alcohol on his breath. Shchukin also said he had been drinking wine. Deputy Brannan did not ask any additional questions and let the paramedics take care of Shchukin.

While being examined by the paramedics, Shchukin asked to be taken to jail and said, "I killed her." RP at 238. He told the paramedics he had been speeding, showing off, and drinking wine before the crash. The paramedics took Shchukin to a hospital.

Detective Ryan Preston heard about the accident and fatality on his radio. Detective Preston spoke with Deputy Brannon, who relayed what he knew. Detective Preston then went to the hospital to meet Shchukin and investigate if Shchukin was an impaired driver. Detective Preston met Shchukin in the ambulance before he was

2

admitted and noticed Shchukin's eyes were bloodshot and watery. He then applied for,

and obtained, a search warrant for Shchukin's blood alcohol level.

Detective Preston then interviewed Shchukin. Before starting the interview,

Detective Preston read Shchukin his *Miranda*[1] rights. Shchukin agreed to speak with

Detective Preston and admitted he had been drinking before the crash and had lost control

of the car around a corner. Following the interview, an emergency medical technician

drew Shchukin's blood. Shchukin's blood alcohol level at the time of testing was 0.10.

Shchukin was arrested and charged with vehicular homicide. The State later

amended the charge to vehicular homicide, operating a vehicle while under the influence.

Prior to trial, Shchukin moved to suppress his confessions to Deputy Brannan and the

paramedics.[2] In addition, he requested a *Franks*[3] hearing to challenge the search warrant,

claiming Detective Preston left out material facts in his application.

The trial court held a hearing and denied both motions. With respect to the

suppression motion, the trial court determined that Shchukin's statements about the crash

were spontaneous and unprompted, and were not made while in police custody. The trial

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).
[2] We note that the confessions to Deputy Brannan and the paramedics were substantially similar to the confession Shchukin made to the detective after receiving *Miranda* warnings.
[3] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

court also found the deputy had not requested the paramedics to ask Shchukin any questions and that Deputy Brannan did not follow the ambulance to the hospital.

With respect to the request for a *Franks* hearing, the trial court found that Detective Preston's warrant application contained relevant facts including (1) Shchukin admitted he was speeding and showing off, (2) Deputy Brannan smelled alcohol on Shchukin's breath, (3) Shchukin admitted that he was speeding, (4) Shchukin admitted that he was drinking, and (5) Shchukin was observed with bloodshot and watery eyes. The trial court concluded the warrant was based on probable cause, and Shchukin had not met his burden to prove the warrant application contained a deliberate falsehood, a deliberate omission, or recklessly disregarded the truth.

Shchukin waived his right to a jury trial. Following a bench trial, the trial court found Shchukin guilty on the charge of vehicular homicide. The trial court sentenced Shchukin to 95 months' confinement.

Shchukin timely appealed.

## ISSUES RAISED ON APPEAL

1. Whether Shchukin was in police custody when he made his statements to Deputy Brannan and the paramedics.

4

2.      Whether Detective Preston deliberately or recklessly omitted critical details in his warrant application that negated the court's probable cause finding.

ANALYSIS

DENIAL OF SUPPRESSION MOTION

Shchukin contends the trial court erred by not suppressing his confessions to Deputy Brannan and the paramedics.  He argues his statements were the result of pre-*Miranda* custodial interrogations that should have been excluded.  We disagree.

*Miranda* warnings protect a defendant's right not to make incriminating statements while in the potentially coercive environment of custodial police interrogation.  *State v. Harris*, 106 Wn.2d 784, 789, 725 P.2d 975 (1986); *see Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).  The *Miranda* rule applies when an interview is "(1) custodial (2) interrogation (3) by a state agent." *State v. Post*, 118 Wn.2d 596, 605, 826 P.2d 172, 837 P.2d 599 (1992).  Without *Miranda* warnings, a defendant's statements, made in police custody, are presumed to be involuntary.  *State v. Sargent*, 111 Wn.2d 641, 647-48, 762 P.2d 1127 (1988).  This court reviews alleged *Miranda* violations de novo.  *City of Coll. Place v. Staudenmaier*, 110 Wn. App. 841, 848, 43 P.3d 43 (2002).

A defendant is in custody for purposes of *Miranda* if his freedom of action is "curtailed to a degree associated with formal arrest." *Id.* at 848-49. "Temporary detainment following a routine traffic stop does not constitute custody for purposes of *Miranda*—regardless of the seriousness of the potential traffic charge." *Id.* at 849.

Shchukin argues, because of the circumstances, a reasonable person would not feel free to leave. However, this is not the proper inquiry. As we have previously held, "The issue is not whether a reasonable person would believe he or she was not free to leave, but rather 'whether such a person would believe he was in police custody of the degree associated with formal arrest.'" *State v. Ferguson*, 76 Wn. App. 560, 566, 886 P.2d 1164 (1995) (quoting 1 WAYNE R. LAFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE § 6.6, at 105 (Supp. 1991)).

Whether a reasonable person would believe they were subject to something akin to a formal arrest requires this court to look to a number of factors. These include (1) whether the defendant was physically restrained, (2) where the interview took place, (3) whether the officer had drawn his weapon, and (4) whether the defendant was released following the interrogation. *See State v. Rivard*, 131 Wn.2d 63, 76, 929 P.2d 413 (1997).

Here, Deputy Brannan approached Shchukin in public. He did not put Shchukin in handcuffs or physically restrain him in any way. He only approached Shchukin and asked

6

for his name and the name of the woman in the car. Finally, following hearing

Shchukin's confession, Deputy Brannan released Shchukin to the paramedics. For their

part, the paramedics treated Shchukin and took him to the hospital, not to the jail, as he

repeatedly requested.

At no point during this process was Shchukin's freedom of action curtailed to a

degree associated with a formal arrest. Because Shchukin's statements to Deputy

Brannon and the paramedics were not made while in police custody, we conclude the trial

court did not err by denying Shchukin's motion to suppress.

DENIAL OF *FRANKS* HEARING

Shchukin contends the trial court erred by denying his request for a *Franks*

hearing. We disagree.

A search warrant may be invalidated if the application supporting the warrant

contained material falsehoods, whether intentionally or with reckless disregard for the

truth, or if the application had deliberate or reckless omissions of material information.

*State v. Ollivier*, 178 Wn.2d 813, 847, 312 P.3d 1 (2013). If the defendant makes a

substantial preliminary showing that the application contained material falsehoods or

omissions, a trial court must grant a *Franks* hearing to establish the allegation. *Id.* We

review a trial court's denial of a *Franks* hearing for abuse of discretion. *State v. Wolken*, 103 Wn.2d 823, 829-30, 700 P.2d 319 (1985).

Here, Shchukin contends the warrant omitted material facts—namely, Detective Preston omitted in his application the fact that Deputy Brannan did not observe Shchukin to be slurring his words or unsteady on his feet. The elements to show a material omission are (1) there was an omission or misstatement of fact in the application for the warrant, (2) the fact was material, and (3) the omission or misstatement was either intentional or reckless. *State v. Chenoweth*, 160 Wn.2d 454, 470, 158 P.3d 595 (2007).

Here, Detective Preston applied for a search warrant because the driver admitted he had been drinking wine, was driving too fast, was showing off, and had killed his passenger. A driver need not have a blood alcohol content of 0.08 or higher to be guilty of driving under the influence. Driving under the influence also occurs if a driver merely was under the influence of or affected by alcohol. RCW 46.61.502(1)(c). Similarly, vehicular homicide occurs when a driver under the influence of alcohol kills another; no particular level of intoxication is required. RCW 46.61.520(1)(a).

Even if Detective Preston knew that Deputy Brannan did not observe Shchukin slurring his words or unsteady on his feet, this information was not material. The level of Shchukin's intoxication was only of secondary relevance, given Shchukin's own

8

statements he had been drinking wine, was driving too fast, was showing off, and had

killed Pozhar. Shchukin's own statements provided ample basis for a blood draw.

Because the purported omission was not material, the trial court did not abuse its

discretion by denying Shchukin's request for a *Franks* hearing.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____  _____
Siddoway, J.            Fearing, J.

9