[No. 50905–1.   En Banc.   May 23, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES ROBERT CASAL, *Petitioner*.

*Thomas M. Tarpley,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Ricardo S. Martinez,* for respondent.

PEARSON, J.—In this appeal we determine the circumstances under which a defendant is entitled to an in camera hearing on the issue of a search warrant affiant's veracity regarding statements allegedly made by a secret informant. We hold that where a defendant presents information which casts a reasonable doubt on the veracity of material representations made by a search warrant affiant, and the challenged statements are the *sole* basis for probable cause to issue the search warrant, the trial court should exercise its discretion to conduct an in camera examination of the affiant and/or secret informant on the veracity issue.

On April 20, 1982, at approximately 11 a.m., detectives of

the Seattle Narcotics Unit executed a search warrant at petitioner's home. That search warrant was based upon a police detective's affidavit stating that a reliable, confidential informant had been inside petitioner's home in the preceding 24 hours and had observed a quantity of marijuana growing and packaged as if for sale.

When officers executed the warrant, they found one marijuana–growing operation in the garage and another growing operation in a second floor bedroom. Officers confiscated several boxes of growing equipment (lights, timers), over 12 pounds of marijuana, and a Colt handgun.

Petitioner alleges that approximately 3 weeks after his arrest one Randy Batham presented himself to petitioner professing to be the secret informant in the case. According to petitioner, Batham told him that he had heard of petitioner's marijuana operation from someone in a tavern and had reported the rumor to the police. Petitioner further alleges that Batham told him the Seattle police had directed Batham to trespass onto petitioner's property for the purpose of corroborating the marijuana suspicion. Batham allegedly told petitioner that he did trespass onto petitioner's property and pried boards from sealed windows, but saw no marijuana; Batham allegedly told petitioner that he reported this to the police. Petitioner has been unable to locate Batham since the day of this conversation, although he contends that he has searched diligently for him.

Relying on the information relayed by Batham as proof that the officer–affiant fabricated his story in seeking the search warrant, petitioner moved to suppress the seized evidence. He made three specific motions in this regard, two of which are relevant here:

1. Motion for an order allowing an evidentiary hearing on the question whether the affidavit of the police officer contained statements that were false or in reckless disregard of the truth;

2. Motion for an order directing the police to disclose the whereabouts of Randy Batham.

Petitioner submitted only his own affidavit and an offer of proof in support of these motions. These documents repeat the information alleged by petitioner: that Batham admitted to being the informant, that Batham's story differed in several specific aspects from the information given by the officer–affiant in the search warrant affidavit, and that petitioner's subsequent attempts to relocate Batham had failed.

The trial court denied the motions, holding that the affidavit was sufficient on its face to show probable cause and that the public interest in keeping police informants' identities confidential outweighed any interest petitioner might have in disclosure. The court did note that Randy Batham appeared to be the informant. A subsequent bench trial, on stipulated facts, resulted in petitioner's conviction for possession of marijuana with intent to deliver.

On appeal, Division One of the Court of Appeals held that a defendant cannot compel disclosure of an informant's identity merely to challenge factual statements in the affidavit upon which a warrant was issued. *State v. Casal*, 38 Wn. App. 310, 313, 684 P.2d 1375 (1984). The court further held that petitioner would be entitled to an in camera examination of the informant and/or the officer–affiant only if he could make a substantial showing that the informant's privilege had been waived. The court determined that petitioner failed to make this substantial showing because he submitted only a "self–serving" affidavit, with no corroborating evidence.

I

The importance of an "informer's privilege" has long been recognized as an aid to law enforcement. "[T]he use of informants in certain areas of enforcement is 'essential,' and the typical informer 'will make it a condition of cooperation that his identity remain confidential.'" 1 W. LaFave, *Search and Seizure* § 3.3(g), at 577 (1978).

The United States Supreme Court recognized the need for keeping secret an informant's identity in *Roviaro v.*

*United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957). Nonetheless, the Court there held that the privilege must yield to the defendant's need to know the informant's identity in cases *where the informant is a material witness on the question of a defendant's guilt or innocence.* In such a case, the State must disclose to the defendant the identity of the informant if the trial court determines that the defendant's interest in disclosure outweighs the public interest in nondisclosure. *See State v. Harris,* 91 Wn.2d 145, 151, 588 P.2d 720 (1978).

The Court in a later case, however, rejected the contention that a defendant has a *constitutional* right to disclosure of the identity of an informant who supplied information relating *only* to probable cause, but not relevant to the issue of guilt or innocence. *McCray v. Illinois,* 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967). The Court stated that the trial judge has discretion to decide whether he needs disclosure of the informant's identity in order to decide whether the affiant is a believable witness.

Many courts have construed *McCray* to mean that disclosure of the identity of an informant relied upon to establish probable cause is virtually *never* required. *See United States v. Bolton,* 458 F.2d 377 (9th Cir. 1972); *United States v. Edge,* 444 F.2d 1372 (7th Cir. 1971); *United States v. Newsome,* 432 F.2d 51 (5th Cir. 1970); *United States v. Harrison,* 432 F.2d 1328 (D.C. Cir. 1970); *United States v. Comissiong,* 429 F.2d 834 (2d Cir. 1970); other cases cited in 1 W. LaFave, *Search and Seizure* § 3.3(g), at 576 n.293 (1978). Other courts uphold nondisclosure with very little discussion of the reason. *See* W. LaFave, at 575 n.292; *United States v. Poms,* 484 F.2d 919 (4th Cir. 1973); *United States v. King,* 478 F.2d 494 (9th Cir. 1973).

The Court of Appeals in Washington has similarly held that where the issue is probable cause only, rather than guilt or innocence, disclosure of a secret informant is not required; such disclosure has generally been denied. *State v. Larson,* 26 Wn. App. 564, 567–68, 613 P.2d 542 (1980);

*State v. Sewell,* 11 Wn. App. 546, 548, 524 P.2d 455 (1974); *State v. White,* 10 Wn. App. 273, 518 P.2d 245 (1973).

Some courts and commentators, however, point out that *McCray* does not require a general rule of nondisclosure. LaFave notes,

> Any assessment of *McCray* must begin by emphasizing that the Court did *not* hold that the Constitution, and in particular the Fourth Amendment, *never* requires disclosure of an informant's identity at a hearing . . . to suppress evidence . . . Rather, the Court simply rejected the notion that such disclosure is *always* required . . . This strongly indicates that *McCray* should not be read as in any way foreclosing . . . counsel . . . from making a showing, based upon the . . . facts of that case, that disclosure is needed to ensure a fair hearing on the probable cause issue.

W. LaFave, at 574. *See also* Rosenbach, *Disclosure of Identity of Confidential Informant Under Franks v. Delaware,* 10 Search & Seizure L. Rep. (1983).

We agree that *McCray* does not establish an absolute rule against disclosure. We hold that disclosure may be allowed where deemed necessary to assess the affiant's credibility or accuracy. *See State v. Haywood,* 38 Wn. App. 117, 684 P.2d 1337 (1984); *United States v. Kiser,* 716 F.2d 1268, 1271 (9th Cir. 1983).

The United States Supreme Court addressed the disclosure question once again in *Franks v. Delaware,* 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). There, the Court held that a defendant is entitled to challenge a finding of probable cause, in a special evidentiary hearing, if he makes a "substantial preliminary showing" that the affiant lied or acted in reckless disregard for the truth in obtaining the search warrant. Significantly, the *Franks* decision was specifically limited to the case where the defendant challenges the affiant's descriptions of what the affiant *personally* observed. Thus, the question of whether a defendant can compel the disclosure of a *secret* informant's identity in order to challenge an affiant's account of the informant's statements was not answered. Rather, the Court specifically

reserved judgment on that issue.

The federal courts have, since *Franks,* generally denied disclosure of a secret informant's identity where the challenge was to probable cause only. The denial of disclosure has often been based on the fact that a defendant has failed to prove that the affiant misstated facts told to him by the informant. Accordingly, such a defendant has not made a "substantial preliminary showing" of falsity as required to get a *Franks* hearing on the issue of probable cause. *See* Rosenbach; *United States v. Schauble,* 647 F.2d 113 (10th Cir. 1981); *United States v. Skramstad,* 649 F.2d 1259 (8th Cir. 1981).

Notably, however, a defendant in the position of petitioner, faced with a *secret* informant, is unable to make the "substantial preliminary showing" required by *Franks* to obtain the evidentiary hearing; whereas, in the typical *Franks* situation the informant is named in the affidavit and the defendant has the opportunity to investigate and interview him on the issue of the affiant's veracity. Thus, where the informant is known, the defendant has access to the information necessary to make a "substantial preliminary showing" of falsity required for a *Franks* hearing to determine the question of probable cause. Conversely, when the informant is *confidential,* the defendant lacks access to the very information that *Franks* requires for a threshold showing of falsity. *See* Rosenbach.

Numerous courts, recognizing the dilemma created for the defendant who is faced with a *secret* informer, have devised a simple solution. That solution is the in camera, ex parte hearing. *United States v. Moore,* 522 F.2d 1068 (9th Cir. 1975) (holding that the in camera procedure provides an acceptable accommodation of the competing interests of the government and the accused in the situation presented here, wherein the question is whether the law officer has lied); *United States v. Anderson,* 509 F.2d 724 (9th Cir. 1974) (holding that if the trial judge is satisfied that an in camera hearing is adequate to explore the foundations of the informant's information, then no disclosure is neces-

sary); *State v. Haywood, supra; United States v. Kiser, supra; United States v. Brian,* 507 F. Supp. 761 (D.R.I. 1981); *People v. Darden,* 34 N.Y.2d 177, 313 N.E.2d 49, 356 N.Y.S.2d 582 (1974); *United States v. Hurse,* 453 F.2d 128 (8th Cir. 1971); *United States v. Jackson,* 384 F.2d 825 (3d Cir. 1967).

The court in *United States v. Brian, supra* at 766, stated:

[I]n a case where—because the Government's affidavit relies primarily on the use of confidential informants—defendants lack the very information that *Franks* requires for a threshold showing; where defendants deny, via affidavit, specific facts attributed to them by informants; and where defendants make some minimal showing of inconsistency on the face of the government's material which supports their assertion of deliberate falsehood or reckless disregard for the truth, the Court may, and probably should, conduct an *in camera* interview of the affiant, and, if necessary, of the informants relied upon by the Government.

An in camera hearing serves to protect the interests of both the government and the defendant; "the Government can be protected from any significant, unnecessary impairment of . . . secrecy, yet the defendant can be saved from what could be serious police misconduct." *United States v. Moore,* 522 F.2d 1068, 1073 (9th Cir. 1975). Since the anonymity of the informant is fully preserved, the government has "no legitimate objection" to the in camera proceeding. Grano, *A Dilemma for Defense Counsel: Spinelli–Harris Search Warrants and the Possibility of Police Perjury,* 1971 U. Ill. L.F. 405. Accordingly, we have recently endorsed the in camera examination of the affiant and/or secret informant in a situation where the police claim they have relied on a secret informant to establish probable cause and the defendant challenges the existence of the informant or the veracity of the officer–affiant. *State v. Wolken,* 103 Wn.2d 823, 700 P.2d 319 (1985).

## II

Because the trial court did conduct an in camera hearing

in *Wolken,* we had no need to determine the initial requirements that must be met by a defendant to obtain such a hearing. That is the precise issue presented by this appeal; we now turn to an examination of that issue.

The Court of Appeals in this case held that the petitioner must produce either the alleged informant or an affidavit from that informant stating that the affiant lied to obtain an in camera hearing. Such a requirement is an exceedingly high burden for a defendant who seeks to establish that the secret informant never existed or where the alleged informant has subsequently become unavailable to the defendant.

A more reasonable rule requires the trial court to exercise its discretion to order an in camera hearing where the defendant's affidavit casts a reasonable doubt on the veracity of material representations made by the affiant. Corroboration of the defendant's story is helpful, but not necessary. This rule is in accord with the rules enunciated by other courts. *See United States v. Brian, supra,* requiring only that defendant make a "minimal showing of inconsistency" between what the affiant stated and what the defendant alleges to be true; *People v. Pointdexter,* 90 Mich. App. 599, 282 N.W.2d 411 (1979) (holding that the defendant's proof may consist of mere allegations if he raises a "legitimate question" regarding the existence of an informant or the affiant's veracity).

In the present case, petitioner's affidavit and offer of proof certainly cast a reasonable doubt upon the truthfulness of the officer–affiant's affidavit. Petitioner's affidavit and offer of proof specifically contradicted the officer's affidavit on a number of material points. Petitioner even named the alleged informant and stated specifically what the informant allegedly told him. Unquestionably, if petitioner's story is the true version, probable cause did not exist for the search warrant since the affidavit contained no other information which could provide probable cause. We note that in any case where probable cause is established

*independently* of the affiant's challenged statements, the rule in today's case will not be applicable.

### III

The following procedural guidelines are to be followed in structuring such an in camera hearing:

1. The defendant and his counsel are to be strictly excluded from the proceeding, but the prosecutor may be present.

2. Defense counsel may submit written questions, reasonable in length, which shall be asked by the trial judge. *See State v. Smith,* 101 Wn.2d 36, 677 P.2d 100 (1984) (holding that a defendant has a right to supply written questions which the judge must ask at the hearing).

3. A transcript of the proceeding must be made and sealed for possible appellate review.

4. Precautions are to be taken to protect the identity of the informant: the in camera hearing may be held at a place other than the courthouse if deemed necessary to guarantee the informant's anonymity.
*See People v. Darden,* 34 N.Y.2d 177, 181, 313 N.E.2d 49, 356 N.Y.S.2d 582 (1974).

In any case, the prosecutor may opt to stipulate to suppression of the evidence or to dismiss the charges against a defendant rather than allow the identity of the informant to be revealed to the court. However, such drastic measures would not likely be warranted, since the informant's identity will not be revealed to anyone but the trial judge at this stage of the proceedings.

Substantively, the trial judge must require the prosecution to name the true informant at the in camera hearing. That informant must then be produced by the prosecution at the in camera hearing. The judge will verify that the person is, in fact, the true informant. In the case where the true informant, verified by the judge, is not the person identified as such by the defendant, the inquiry may end unless the judge has some other basis to hold that probable

cause was lacking.[1] The defendant will only be informed that his allegations of falsity by the affiant were not proved; the court will not reveal the informant's identity, nor state that the person named by defendant was not the informant.

Similarly, where the prosecution identifies the informant as the person named by the defendant, the prosecution must produce that informant to be questioned by the judge. In any case, if the true informant cannot be found or if the prosecution declines to produce him, the evidence seized pursuant to the search warrant must be suppressed.

Where the defendant has correctly identified the informant, the judge must question the informant in camera to verify whether the affiant truthfully reported the facts stated by the informant. The judge must ask the questions presented by the defendant, as well as any others the judge deems necessary. Based on the responses, the judge will decide whether probable cause did in fact exist for the issuance of the search warrant. If the answers convince the judge that probable cause *certainly* existed (*e.g.,* the informant verifies the affiant's story), the inquiry may end there. The defendant will be informed only that the judge has determined, based on the evidence presented, that probable cause did exist. The informant's name and testimony are not to be revealed to the defendant in that instance.

However, if the judge decides that probable cause is questionable, based on the in camera testimony, further inquiry should be undertaken. The trial judge may order an *open* evidentiary hearing if he finds that a threshold substantial showing of falsehood has been shown. *See Franks v. Delaware,* 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). Lastly, if the judge is convinced by the evidence that probable cause was definitely lacking, he may order the evidence suppressed without holding the *Franks* evidentiary hearing.

A defendant is entitled to appellate review of the in

---

[1]The judge should also take this opportunity to question the informant regarding the veracity of the information provided by the affiant in the affidavit.

camera hearing. The appellate court will review the sealed transcript of the hearing to determine whether the trial judge abused his discretion in determining that probable cause was present or absent. *See State v. Wolken, supra.*

In accordance with the above principles, the decision of the Court of Appeals is reversed and the cause is remanded to the trial court for the purpose of an in camera examination of the affiant and/or informant. If the trial judge determines that probable cause was lacking for issuance of the search warrant, the motion to suppress the seized evidence should be granted and petitioner must be granted a new trial.

DOLLIVER, C.J., UTTER, BRACHTENBACH, DORE, CALLOW, and GOODLOE, JJ., and HENRY and WIELAND, JJ. Pro Tem., concur.