[No. 26846-5-I.   Division One.   March 9, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT M. STANSBURY, *Appellant.*

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for appellant.

*William Hawkins, Prosecuting Attorney,* for respondent.

FORREST, J. — Stansbury appeals his conviction, having been found guilty upon stipulated facts, of maintaining a place for controlled substances and manufacture of marijuana, claiming the court erred in denying his motion for an open evidentiary hearing and motion to suppress. He also claims the court erred in finding the State's confidential informant was not an agent of the police. We affirm.

Stansbury was charged by information of one count of maintaining a place for controlled substances and one count of manufacture of marijuana. The charges followed a police search of Stansbury's home, pursuant to a search warrant.

The warrant was issued based on an affidavit containing information obtained by the police from a confidential informant. The informant reportedly went to Stansbury's home to borrow a tool and while there saw, through a gap in the curtains, marijuana plants and equipment in the house, together with other items consistent with marijuana grow-

ing operations. The detective receiving the information dispatched another officer to Stansbury's residence and was able to confirm only the location and description of the house.

Stansbury moved the court to compel the State to produce the informant, asserting that he correctly identified the informant. Stansbury submitted affidavits supporting the claim that the marijuana operation was not observable from outside the house. Stansbury also asserted the police informant was actually a composite informant, including one person that had broken into Stansbury's residence that actually knew of the marijuana, and another person that better met the requirements of a valid informant. Finally, he asserts that the informant was an agent of the police and accordingly should be produced for examination.

The court ordered an in camera hearing to determine the validity of the warrant and to evaluate Stansbury's request to have the informant's identity disclosed. At the hearing the informant was presented and responded to court questioning. Stansbury's motion was denied. Stansbury stipulated to the admissibility of the police reports and was found guilty and sentenced. This appeal followed.

Stansbury's principal contention is that once the defendant accurately identifies a confidential informant CrR 4.7(f)(2) no longer applies and the defense is entitled to his identity. We disagree. Based on Stansbury's preliminary showing, the trial court correctly followed the procedure set forth in *State v. Casal*.[1] The court there held directly contrary to Stansbury's position stating, "Where the defendant has correctly identified the informant, the judge must question the informant in camera to verify whether the affiant truthfully reported the facts stated by the informant." *Casal*, at 822. If, as here, the court finds that probable cause certainly existed, the defendant will be so informed. "The informant's name and testimony are not to be revealed to the defendant in that instance." *Casal*, at 822.

---

[1]103 Wn.2d 812, 699 P.2d 1234 (1985).

■ ■ Stansbury argues that *Casal* is modified by the following language from *State v. Thetford*, 109 Wn.2d 392, 397, 745 P.2d 496 (1987) (quoting *Roviaro v. United States*, 353 U.S. 53, 60, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957)):

> "[t]he scope of the privilege is limited by its underlying purpose. Thus . . . once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable."

We disagree. This language is taken out of context. *Thetford* addressed the problem of disclosure where the defendant correctly identified the informant as an agent of the police. Under those circumstances the agent had to be produced in open court for examination.

*Thetford* cites *Roviaro v. United States*[2] where the United States Supreme Court enunciated what has become the established policy for dealing with requests for disclosure of informants.

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Roviaro v. United States*, 353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623 (1957). Stansbury's position would reduce the in camera hearing to a mere matter of ascertaining whether the defendant correctly identified the informant, totally eliminating the entire balancing test in ruling on disclosure. *Thetford* was written by the same judge that wrote *Casal* just 2 years previously and there is absolutely nothing to suggest the court decided to abandon the *Casal* procedure. Mere speculation on the informant's identity by the defendant does not compel the court to confirm the guess and require disclosure. Such a rule would encourage fishing expeditions to determine an informant's identity and

---

[2]353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957).

abandon the public policy interest in protecting the free flow of information to law enforcement.

The defendant points out his difficulty in challenging the findings without access to the record. We recognize this and have carefully scrutinized the record and find that not only is there substantial evidence to support the court's findings but that the evidence in support thereof is overwhelming. Indeed, once the court determined that the informant was not a police agent, errors or discrepancies in the information he gave to the affiant officer would not invalidate the search warrant.[3]

Stansbury challenges finding of fact 13 that the confidential informant would not be a witness for either party at trial, asserting it to be an abuse of judicial discretion or perhaps a legal error. We disagree. One of the purposes of the in camera hearing is to ascertain whether the informant has testimonial knowledge that would be useful to the defendant at trial or in preparation. Where the informant is a significant participant in the transaction, disclosure may be required. *Roviaro*. On the other hand, if he does not possess such information, the balancing process does not require disclosure. Although perhaps more accurately phrased as a finding that the claimed informant does not possess testimonial knowledge helpful or necessary to the defense of the charge, we find no error. There is substantial, indeed, overwhelming evidence to support the court's findings and the findings in turn support the conclusions that disclosure was not required.

Affirmed.

WEBSTER, A.C.J., and SCHOLFIELD, J., concur.

Reconsideration denied April 23, 1992.

Review denied at 119 Wn.2d 1022 (1992).

---

[3]Nonetheless the court conducted a thorough and searching inquiry as to all aspects of the informant's knowledge and conduct in reference to the statements to the officer.