# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50503-7-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| CHARLES JONES, JR., | |
| Appellant. | |

BJORGEN, J. — Charles Jones Jr. appeals his convictions of four counts of first degree unlawful possession of a firearm, two counts of unlawful possession of a short-barreled shotgun, and one count of unlawful possession of a short-barreled rifle.  Jones appeals from the trial court's denial of his request for a *Casal*[1] hearing and motion to suppress evidence obtained after the execution of a search warrant.  He argues that the trial court erred by denying his request for an in camera hearing pursuant to *Casal*.

We hold that the trial court did not err and affirm Jones' convictions.

## FACTS

On November 14, 2016, Officer Hannah Heilman met with a confidential informant (CI) in order to make a controlled purchase of heroin from a suspect known as "CJ."  Clerk's Papers (CP) at 45.  The CI met with the suspect and returned with an amount of heroin.  Based on this

---

[1] *State v. Casal*, 103 Wn.2d 812, 699 P.2d 1234 (1985).

interaction, Heilman submitted an affidavit for a search warrant in order to search the motel room where "CJ" was staying. The affidavit stated in part:

In November of 2016, Your Affiant was contacted by Confidential and Reliable Informant #1000 [(CI)]. . . . CI stated he/she knew an individual to be dealing narcotics, specifically black tar Heroin, in the Pierce County area. CI stated he/she could arrange to conduct a controlled purchase from an individual known to CI as "CJ".

On [November 14, 2016] I was assisted by members of the Tacoma Police Special Investigations Unit as we requested CI to attempt to contact "CJ" for a controlled purchase of Heroin. Officer Mettler and I met with CI in the City of Tacoma. We conducted a search of both CI's person and her/his vehicle. No contraband was recovered in the search. I then issued CI an amount of US Currency from Special Investigations funds. CI then made a phone call in Your Affiant's presence to arrange a controlled purchase with "CJ" who was staying [at a nearby motel]. . . . "CJ" told CI that he had Heroin available for purchase.

. . . .

CI was kept under constant surveillance as she/he made their way [to "CJ's" motel room]. Surveillance then observed CI enter ["CJ's" motel room]. The door [to the room] was open.

After a short amount of time surveillance observed CI exit [the motel room].

CI was kept under constant surveillance as we met at a pre-determined location. I then met with CI who turned over an amount of Heroin. CI stated he/she had just purchased it from "CJ". A second search of CI, including his/her vehicle, was conducted and no contraband was located.

CI stated that "CJ" had a pistol at the foot of his bed. CI stated that "CJ" is a convicted felon as CI knows he has served time in prison.

Your Affiant believes a person suspected to be "CJ" is involved in the unlawful delivery of a controlled substance, RCW 69.50.401.

The substance was later field tested and tested positive for Heroin. The Heroin was placed into the TPD [Tacoma Police Department] property room as evidence.

Your affiant knows through her training and experience [that] the drug trafficking organizations go to great length to hide their drugs and profits to include using residences, stash houses, businesses, and vehicles. Your affiant believes that "CJ" is selling/trafficking narcotics out of [a motel room] in Tacoma Washington.

CP at 14-15.

The superior court issued a search warrant based on the information contained in the affidavit. Law enforcement officers executed the warrant and arrested Jones. They recovered several firearms during the execution of the search warrant, including prohibited short-barreled firearms and crossbows, along with heroin, crack cocaine, and scales.

On April 12, 2017, Jones filed a motion requesting the trial court to conduct a hearing pursuant to *Casal* and to suppress evidence recovered during the execution of the search warrant. Jones submitted an affidavit with his motion that stated:

1. I am Charles William Jones, the defendant in the above entitled case number.
2. I have reviewed the evidence with my attorney including the "Complaint for Search Warrant."
3. That document provides information that I delivered heroin to a confidential informant at [November 14, 2016] at [a motel].
4. I did not deliver heroin, or any other controlled substance, to anyone on that day. I know this with certain[t]y because I did not have my own personal use drugs as my source had been arrested earlier that week. I was not even aware of the "chunk" of crack cocaine and heroin in the room or I would have consumed them myself.

CP at 106.

The trial court denied Jones' motion, as well as his motion for reconsideration on the same issue. On May 22, the State filed an amended information charging Jones with four counts of first degree unlawful possession of a firearm, two counts of unlawful possession of a short-barreled shotgun, and one count of unlawful possession of a short-barreled rifle. The State and Jones agreed to stipulated facts and the trial court adjudicated Jones guilty.

On June 23, Jones appealed the trial court's denial of his requests for a *Casal* hearing and to suppress evidence recovered during the execution of the search warrant.

ANALYSIS

Denial of *Casal* Hearing and Suppression of Evidence

Jones argues that the trial court erred by declining to hold a *Casal* hearing and by denying his motion to suppress evidence. We disagree.

In *Casal*, our Supreme Court considered "the circumstances under which a defendant is entitled to an in camera hearing on the issue of a search warrant affiant's veracity regarding statements allegedly made by a secret informant." *State v. Casal*, 103 Wn.2d 812, 813, 699 P.2d 1234 (1985). The court held that a trial court must exercise its discretion and conduct an in camera hearing of the affiant and/or secret informant "where the defendant's affidavit casts a reasonable doubt on the veracity of material representations made by the affiant." *Id.* at 819-20. Although corroboration of the defendant's story is helpful, corroboration is not necessary. *Id.* at 820. A defendant need only "make a 'minimal showing of inconsistency' between what the affiant stated and what the defendant alleges to be true." *Id..*

We review the trial court's decision to not hold a *Casal* hearing for an abuse of discretion. *Id.* at 823. A trial court abuses its discretion if its decision is manifestly unreasonable, or is exercised on untenable grounds or for untenable reasons. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported by the record or was reached by applying the wrong legal standard. *Id*. A decision is manifestly unreasonable if the court, despite applying the correct legal standard to the supported facts, reaches an outcome that is outside the range of acceptable choices, such that no reasonable person could arrive at that outcome. *Id.*

4

Jones argues that he "did not seek to challenge Officer Heilman's representations or her veracity. He sought to challenge the representations or veracity of the CI." Br. of Appellant at 8. In his reply brief, Jones maintains that "[a] *Casal* hearing establishes the credibility of the *confidential informant*, not the affiant." Appellant's Reply Br. at 2. However, in order to merit an in camera hearing under the standards established in *Casal*, Jones' affidavit must "cast[] a reasonable doubt on the veracity of material representations *made by the affiant*." 103 Wn.2d at 820 (emphasis added).

Jones' affidavit certainly denies that he delivered controlled substances as alleged. However, the affidavit does not make a "'minimal showing of inconsistency'" between what the CI allegedly told Heilman and what Heilman attested to in her affidavit in support of the search warrant. *Id.* at 820 (quoting *United States v. Brian*, 507 F. Supp. 761 (1981)). Therefore, we determine that the trial court did not abuse its discretion by declining to hold a *Casal* hearing because Jones' affidavit challenges the credibility of the informant, rather than the veracity of the affiant officer.

Jones' motion to suppress evidence was based on the argument that the trial court erred in denying his request for a *Casal* hearing. Because the trial court did not err in denying Jones' request for a *Casal* hearing, it also did not err in denying Jones' motion to suppress.

CONCLUSION

The trial court did not err in declining to hold a hearing under *Casal* or in denying Jones' motion to suppress. Therefore, we affirm Jones' convictions.

No. 50503-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, J.

We concur:

Lee, A C.J.

Melnick, J.