# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49708-5-II |
| Respondent, | |
| v. | |
| WILLIAM HOWARD WITKOWSKI, | Consolidated with |
| Appellant. | |
| In the Matter of the Personal Restraint Petition of | No.  50725-1-II |
| WILLIAM HOWARD WITKOWSKI, | |
| | UNPUBLISHED OPINION |
| Petitioner. | |

WORSWICK, J. — William Witkowski appeals from his convictions of two counts of unlawful possession of a controlled substance with intent to deliver and unlawful possession of a stolen vehicle, asserting that (1) the trial court erred by failing to enter written findings of fact and conclusions of law following CrR 3.5 and CrR 3.6 hearings, (2) his judgment and sentence contains a scrivener's error incorrectly stating he was tried on the State's original information, and (3) his judgment and sentence contains a scrivener's error in that it fails to state the trial court's same criminal conduct finding.

In his statement of additional grounds for review (SAG), Witkowski asserts that (4) evidence seized from his vehicle should have been suppressed based on a faulty search warrant and because the State failed to produce a record of the telephonic affidavit in support of the

No. 49708-5-II;
Consolidated with No. 50725-1-II

warrant, (5) his defense counsel was ineffective at the suppression hearing and at trial, (6) the

trial court violated his state and federal constitutional rights by conducting the CrR 3.6 hearing

prior to the CrR 3.5 hearing, (7) the State violated his due process and equal protection rights by

failing to timely prepare proposed findings of fact and conclusions of law from the CrR 3.5 and

CrR 3.6 hearings, (8) his right to counsel was violated when he was unrepresented at

postjudgment proceedings, and (9) cumulative error denied his right to a fair trial. Additionally,

Witkowski has filed a personal restraint petition that we have consolidated with his direct appeal,

in which he raises several claims of ineffective assistance of counsel. He also appears to argue in

his petition that the warrantless search of the vehicle's trunk and the contents therein exceeded

the scope of a permissible scope of a *Terry*[1] stop or scope of a search pursuant to an arrest.

The State concedes that Witkowski's judgment and sentence contains scrivener's errors

by incorrectly stating that he was tried on the State's original information and by failing to reflect

the trial court's finding that his unlawful possession of a controlled substance with intent to

deliver convictions constituted the same criminal conduct. We accept the State's concessions

and remand for a correction of Witkowski's judgment and sentence consistent with this opinion.

In all other respects we affirm. We also deny Witkowski's petition.

FACTS

On July 2, 2015, Pierce County Sheriff's Deputies Martin Zurfluh and Lucas Baker

stopped a green Volkswagen Passat that Witkowski was driving. Zurfluh told Witkowski that he

had received information that the vehicle was possibly stolen. Witkowski handed Zurfluh a

---

[1] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

2

vehicle registration for a white 2000 Volkswagen Passat that listed the same license plate on the vehicle and the vehicle identification number (VIN) on the dashboard. Witkowski told Zurfluh that the vehicle had been repainted green.

Zurfluh saw that the VIN on the dashboard had edges on it, making it appear as if a different VIN had been placed over the original VIN. Zurfluh checked the VIN located under the hood of the car and saw that it did not match the VIN on Witkowski's registration. Zurfluh ran a check of the VIN located under the hood and saw that it matched the VIN for a reported stolen vehicle. Zurfluh impounded the vehicle and had it towed to a secure facility.

On July 6, 2015, Zurfluh obtained a warrant to search the Passat. Zurfluh saw backpacks in the trunk of the vehicle that contained $8,956 in cash, a substance later tested and confirmed to be 13.3 grams of methamphetamines, a substance later tested and confirmed to be 66.3 grams of heroin, a scale, drug paraphernalia, unused packaging material, and a notebook with names and numbers written in it. On August 6, 2015, Witkowski called the Pierce County Sheriff's Department to inquire about how he could retrieve the car and cash seized by law enforcement. In October 2015, Zurfluh searched Witkowski's home during an unrelated investigation and found the Passat's original license plate in a closet.

On May 27, 2016, the State charged Witkowski by amended information with two counts of unlawful possession of a controlled substance with an intent to deliver and unlawful possession of a stolen vehicle. Before trial, Witkowski filed a motion to suppress "all evidence and statements obtained as a result of an unlawful search and seizure." Clerk's Papers (CP) at 3. The trial court held a CrR 3.6 hearing addressing Witkowski's suppression motion on September 1, 2016.

3

Zurfluh testified at the CrR 3.6 suppression hearing that several weeks prior to stopping Witkowski, a citizen informant had told him that Witkowski was driving a stolen green Passat with switched license plates and VINs. Zurfluh stated that he worked with the informant on several different occasions for approximately a year and a half and that the informant had previously provided accurate information. Zurfluh further stated that the informant personally knew Witkowski and had been to his residence. Zurfluh said that he and Baker saw a green Passat on July 2 and ran the license plate, which came back as registered to Witkowski. Zurfluh stated that Witkowski was cooperative during the stop and had exited the vehicle after handing over his registration; Zurfluh did not order Witkowski out of the vehicle or restrain him in any manner. At some point during the stop, Witkowski opened the hood to the vehicle. Zurfluh stated that he could not recall whether he had asked Witkowski to open the hood but that he knew he did not order Witkowski to open it.

Zurfluh further testified at the suppression hearing that after receiving a search warrant, he searched the trunk of the Passat and found a substance resembling heroin. After finding the suspected heroin, Zurfluh applied for, and received, an addendum to the search warrant to expand the scope of his search. After receiving the addendum, Zurfluh searched backpacks located in the trunk of the vehicle and found $8,956 in cash, 13.3 grams of suspected methamphetamines, 66.3 grams of suspected heroin, a scale, drug paraphernalia, unused packaging material, and a notebook with names and numbers written in it. Witkowski did not testify at the CrR 3.6 hearing.

The trial court denied Witkowski's motion to suppress in an oral ruling, stating that Zurfluh had a reasonable suspicion sufficient to justify the initial *Terry* stop of the vehicle based

4

on information provided by the informant, Witkowski had voluntarily opened the hood of his car

revealing in plain sight the VIN therein, and the VIN inside the hood that was associated with a

reported stolen vehicle supplied Zurfluh with probable cause in support of the warrant to search

the contents of the vehicle.

The trial court also conducted a CrR 3.5 hearing to determine the admissibility of

Witkowski's pre-*Miranda*[2] statements during the stop, at which Zurfluh testified. The trial court

orally ruled that Witkowski's statements were admissible at trial, finding that he was not in

custody up until the point he was placed in handcuffs and read his *Miranda* rights. At the

conclusion of the CrR 3.5 hearing, the trial court requested the State to draft proposed findings of

fact and conclusions of law, stating that the State should submit the proposed findings and

conclusions prior to jury deliberations, but the trial court did not enter findings of fact and

conclusions of law for either the CrR 3.5 or CrR 3.6 hearing at this time.

At trial, witnesses testified consistently with the facts stated above. Additionally, Yelena

Girzhu testified at trial that her husband's car dealership had purchased a green 2004

Volkswagen Passat in 2015. Girzhu reported the vehicle as stolen after she had taken it to a

paint shop and it was never returned. In her 2015 written statement to police, Girzhu identified

the VIN of the stolen vehicle as the same VIN located in the hood of the vehicle Witkowski had

been driving.

The jury returned verdicts finding Witkowski guilty of two counts of unlawful possession

of a controlled substance with intent to deliver and unlawful possession of a stolen vehicle.

---

[2] Witkowski did not make any statements after being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

No. 49708-5-II;
Consolidated with No. 50725-1-II

Witkowski appealed. After Witkowski filed his opening brief in this appeal, the trial court entered written findings of fact and conclusions of law in support of its CrR 3.5 and CrR 3.6 rulings.

## ANALYSIS

### I. LATE ENTRY OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

Witkowski first contends that we must remand to the trial court to enter written findings of fact and conclusions of law as required under CrR 3.5 and CrR 3.6. Because the trial court entered the required written findings and conclusions while this appeal was pending, and because Witkowski does not claim any prejudice from the trial court's delayed entry, we find no error.

A trial court is required to enter written findings of fact and conclusions of law following a CrR 3.5 or CrR 3.6 hearing on the admissibility of evidence.[3] But a trial court may submit written findings and conclusions while an appeal is pending "if the defendant is not prejudiced by the belated entry of findings." *State v. Cannon*, 130 Wn.2d 313, 329, 922 P.2d 1293 (1996). And we do not infer any prejudice from delay alone. *State v. Head*, 136 Wn.2d 619, 625, 964 P.2d 1187 (1998).

Here, the trial court entered its written findings of fact and conclusions of law after Witkowski filed his opening brief. The trial court's belated findings and conclusions are consistent with its oral rulings following the CrR 3.5 and CrR 3.6 hearings, and Witkowski does

---

[3] CrR 3.5(c) provides, "After the hearing, the court shall set forth in writing: (1) the undisputed facts; (2) the disputed facts; (3) conclusions as to the disputed facts; and (4) conclusion as to whether the statement is admissible and the reasons therefor." CrR 3.6(b) provides, "If an evidentiary hearing is conducted, at its conclusion the court shall enter written findings of fact and conclusions of law."

not claim that the delayed entry caused him prejudice. *See Cannon*, 130 Wn.2d at 329-30 (finding no prejudice when late-filed findings and conclusions were consistent with the trial court's oral ruling). Accordingly, we find no error in the trial court's late entry of written findings and conclusions.

## II. SCRIVENER'S ERRORS

Next, Witkowski asserts that his judgment and sentence contains scrivener's errors in that it (1) incorrectly states he was tried on the State's original information, and (2) fails to reflect the trial court's same criminal conduct finding. The State concedes that Witkowski's judgment and sentence contains these scrivener's errors. We accept the State's concessions and remand to the trial court for a correction of Witkowski's judgment and sentence consistent with this opinion.

A scrivener's error is a clerical mistake that, when amended, would correctly convey the trial court's intention as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011), *superseded by statute on other grounds as recognized in In re Pers. Restraint of Combs*, 176 Wn. App. 112, 119, 308 P.3d 763 (2013); *see also Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996). The remedy for a scrivener's error is remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016); CrR 7.8(a).

Witkowski is correct that his judgment and sentence states he was tried on the State's original information when, in fact, he was tried on an amended information. We accept the State's concession.

Witkowski is also correct that his judgment and sentence fails to state the trial court's finding that his two convictions for unlawful possession of a controlled substance with intent

deliver constituted the same criminal conduct. Here, the State asserted at sentencing that

Witkowski's two unlawful possession of a controlled substance with intent to deliver convictions

constituted the same criminal conduct for purposes of calculating his offender score at seven for

those convictions. The trial court agreed with the State's offender score analysis and imposed a

standard range sentence for Witkowski's unlawful possession of a controlled substance with

intent to deliver convictions based on an offender score of seven. Thus, the trial court implicitly

found that Witkowski's two convictions for unlawful possession of a controlled substance with

intent to deliver constituted the same criminal conduct for purposes of calculating his offender

score.[4] The trial court, however, did not reflect its same criminal conduct finding in Witkowski's

judgment and sentence.[5] Accordingly, we accept the State's concession and remand to the trial

court for a correction of Witkowski's judgment and sentence to correctly reflect that he was tried

on the State's amended information and to correct Witkowski's judgment and sentence to reflect

---

[4] RCW 9.94A.589(1)(a) provides in relevant part:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. . . .

[5] Witkowski's judgment and sentence contains preprinted language that states, "Current offenses encompassing the same criminal conduct and counting as one crime in determining the offender score are (RCW 9.94A.589): . . . ." CP at 31. The trial court did not check the box next to this preprinted language and did not complete the preprinted language to state that Witkowski's two current offenses for unlawful possession of a controlled substance with intent to deliver encompassed the same criminal conduct.

its finding that his two unlawful possession of a controlled substance with intent to deliver convictions constituted the same criminal conduct.

## III. SAG

A.    *Search Warrant*

Witkowski appears to contend in his SAG that evidence seized from the Passat should have been suppressed based on an invalid search warrant. Specifically, Witkowski contends for the first time on appeal that the search warrant was invalid because the issuing court did not sign the warrant until four days after it was executed. Witkowski also contends for the first time on appeal that the trial court was required to suppress evidence seized from the vehicle because the State failed to produce a record of the telephonic affidavit in support of the search warrant.

1. *RAP 2.5*

In general, we do not address claims of error raised for the first time on appeal. RAP 2.5(a). But RAP 2.5(a)(3) provides an exception to this general rule where an appellant can show a manifest error affecting a constitutional right. *State v. Gordon*, 172 Wn.2d 671, 676, 260 P.3d 884 (2011). To show manifest error, Witkowski must demonstrate actual and identifiable prejudice to his constitutional rights at trial. *State v. Kirkman*, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007). To demonstrate actual prejudice in this context, Witkowski must show that the trial court would have excluded evidence in response to a suppression motion raising these claims and that such exclusion would have had a practical or identifiable consequence at trial. *State v. McFarland*, 127 Wn.2d 322, 333-34, 899 P.2d 1251 (1995); *Gordon*, 172 Wn.2d at 676. To determine whether Witkowski has made this threshold showing, we necessarily must preview the merits of his alleged error. *State v. Walsh*, 143 Wn.2d 1, 8, 17 P.3d 591 (2001).

2. *Preview of Arguments*

A preview of Witkowski's claim that the search warrant was invalid because it was executed prior to it being signed by the issuing court shows that it clearly lacks merit and, thus, he fails to demonstrate manifest error warranting review of the claim for the first time on appeal under RAP 2.5(a)(3). Witkowski does not identify any evidence in the record showing that Deputy Zurfluh had executed a search warrant prior to it being signed by the issuing court.[6] And Zurfluh's uncontroverted testimony at the CrR 3.6 hearing and trial was that he did not search the vehicle until after obtaining a search warrant on July 6, 2015. Because Witkowski fails to show manifest error, we decline to review this claim under RAP 2.5(a)(3).

A preview of Witkowski's claim that the State failed to produce a record of a telephonic affidavit in support of the search warrant also clearly lacks merit based on the limited record before us. CrR 2.3(c) permits evidence in support of a search warrant to be in the form of sworn testimony, but the rule states that "[a]ny sworn testimony must be recorded and made part of the court record and shall be transcribed if requested by a party if there is a challenge to the validity of the warrant or if ordered by the court." The failure to record sworn testimony supporting probable cause to issue a search warrant may violate a defendant's rights under the Fourth Amendment to the United States Constitution and article 1, section 7 of the Washington Constitution. *See State v. Myers*, 117 Wn.2d 332, 344, 815 P.2d 761 (1991).

Here, the record before us does not reveal whether the court issuing the search warrant had relied on sworn telephonic testimony or, instead, had relied on a written affidavit. Further,

---

[6] Witkowski has not designated a copy of the search warrant at issue for the record on appeal.

even assuming that the issuing court had relied on sworn telephonic testimony, there is nothing in the record showing that it failed to record such testimony. Because the facts necessary to address Witkowski's claim are not in the record before us, he cannot show actual prejudice and, thus, he fails to show manifest error. *See McFarland*, 127 Wn.2d at 333 ("If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest."). Accordingly, we decline to review this claim under RAP 2.5(a)(3).

B.      *Ineffective Assistance of Counsel*

Next, Witkowski contends in his SAG that his counsel was ineffective at the suppression hearing and at trial. Specifically, Witkowski contends his counsel was ineffective for (1) failing to request a *Franks*[7] hearing, (2) failing to request a *Casal*[8] hearing, (3) failing to interview State's witnesses, (4) failing to call witnesses to testify at trial, (5) failing to request a lesser-included offense jury instruction, (6) failing to appeal the trial court's denial of motion to hire an investigator, and (7) requesting that he sign postjudgment findings of fact and conclusions of law absent sufficient consultation.

We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To demonstrate that he received ineffective assistance of counsel, Witkowski must show both (1) that defense counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). Performance is deficient if it falls below an objective standard of reasonableness. *Reichenbach*, 153 Wn.2d at 130. Prejudice ensues if there is a reasonable

---

[7] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

[8] *State v. Casal*, 103 Wn.2d 812, 699 P.2d 1234 (1985).

possibility that the outcome of the proceeding would have differed but for counsel's deficient performance. *Reichenbach*, 153 Wn.2d at 130. If Witkowski fails to make either showing, we need not inquire further. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007). Additionally, we strongly presume that counsel's performance was reasonable and, to rebut this presumption, Witkowski "bears the burden of establishing the absence of any '*conceivable legitimate tactic explaining counsel's performance.*'" *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011) (quoting *Reichenbach*, 153 Wn.2d at 130).

  1. *Failure To Request Franks Hearing*

  Witkowski contends that his defense counsel was ineffective for failing to request a *Franks* hearing. We disagree.

  In *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), the United States Supreme Court held that the Fourth Amendment requires a trial court to conduct an evidentiary hearing upon the defendant's request if the defendant makes a substantial preliminary showing that an affiant deliberately or recklessly made material misstatements in a search warrant affidavit. "Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171. Rather, to be entitled to a *Franks* hearing "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Franks*, 438 U.S. at 171.

  Here, there were no allegations below that a search warrant affiant had made deliberate misrepresentations that were material to the issuing court's finding of probable cause, and Witkowski does not claim any particular misrepresentations in his SAG. Instead, Witkowski baldly asserts that the "affiant's warrant affidavit was filled with blatant falsities and

inaccuracies submitted willfully to secure search warrant." SAG at 4. But "[t]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171. Because the record does not support the preliminary showing required for a *Franks* hearing, Witkowski cannot show that the trial court would have granted a *Franks* hearing if requested by counsel. Accordingly, he cannot demonstrate prejudice, and his ineffective assistance of counsel claim on this ground fails.

    2. *Failure To Request Casal Hearing*

Next, Witkowski contends that his counsel was ineffective for failing to request a *Casal* hearing. Again, we disagree.

In *State v. Casal*, 103 Wn.2d 812, 820, 699 P.2d 1234 (1985), our Supreme Court held that when a defendant presents information that "casts a reasonable doubt on the veracity of material representations made by [a search warrant] affiant" regarding statements allegedly made by a confidential informant, a trial court should exercise its discretion to conduct an in camera hearing at which the State must disclose the identity of a confidential informant to the trial court.[9] The purpose of this *Casal* hearing is for the trial court to determine whether the search warrant affiant truthfully reported the facts stated by the confidential informant and, based on the trial court's determination of the affiant's veracity, whether probable cause existed to issue the search warrant. 103 Wn.2d at 822.

---

[9] The defendant and defendant's counsel are excluded from the hearing and the transcript of the hearing must be sealed to protect the informant's anonymity. *Casal*, 103 Wn.2d at 821.

Here, Witkowski did not present any information below casting a reasonable doubt on a search warrant affiant's veracity, and presents no such information in his SAG. Instead, similar to his argument regarding counsel's decision not to request a *Franks* hearing, he merely asserts that his counsel was required to request a *Casal* hearing "[i]n view of all the false statements made by the affiant." SAG at 12. This conclusory allegation that the affiant made false statements is insufficient to cast a reasonable doubt on the affiant's veracity and, thus, Witkowski cannot show that the trial court would have granted a request for a *Casal* hearing. Accordingly, Witkowski cannot demonstrate any prejudice resulting from defense counsel's decision to not request a *Casal* hearing, and his claim of ineffective assistance on this ground fails.

3. *Failure To Interview State's Witnesses*

Next, Witkowski contends that his defense counsel was ineffective for failing to interview State's witnesses before trial. We cannot address the merits of this claim because there is nothing in the record before us showing that defense counsel failed to interview State's witnesses.

4. *Failure To Call Witnesses*

Next, Witkowski contends that his defense counsel was ineffective for failing to call witnesses on his behalf. But Witkowski fails to identify any potential witnesses that his defense counsel could have called and fails to explain how any potential witness testimony would have aided in his defense. Accordingly, he demonstrates neither deficient performance nor resulting prejudice in support of an ineffective assistance of counsel claim on this ground.

14

5. *Failure To Request Lesser Included Offense Jury Instruction*

Next, Witkowski contends that defense counsel was ineffective for failing to request a lesser included offense jury instruction. But Witkowski fails to identify what lesser included offense jury instruction defense counsel should have requested. Accordingly, we do not address this argument. RAP 10.10(c).

6. *Failure To Appeal Trial Court's Denial of Motion To Hire Investigator*

Next, Witkowski contends that counsel was ineffective for failing to appeal the trial court's denial of a motion to hire an investigator. We cannot address this claim on the record before us as it does not contain any trial court ruling regarding a request to hire an investigator.

7. *Failure To Meet or Consult Prior to Postjudgment Proceeding*

Next, Witkowski contends that the assigned counsel representing him at a postjudgment proceeding was ineffective for advising him to sign the trial court's belated CrR 3.5 and CrR 3.6 findings and conclusions without first meeting and consulting with him. The record belies Witkowski's contention. Witkowski's counsel at the postjudgment proceeding requested a continuance of time to review the transcripts from the CrR 3.5 and CrR 3.6 hearings, which request the trial court denied. Neither Witkowski nor his assigned counsel signed the written findings and conclusions from the CrR 3.5 and CrR 3.6 hearings. Therefore, Witkowski fails to demonstrate that his counsel performed deficiently.

C. *Timing of CrR 3.5 and CrR 3.6 Hearings*

Next, Witkowski contends that the timing of his CrR 3.5 and CrR 3.6 hearings violated his right against self-incrimination under the Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution because Deputy Zurfluh testified at the

15

CrR 3.6 hearing about statements Witkowski had made before the trial court conducted the CrR

3.5 hearing to determine the admissibility of those statements. We disagree.

Assuming without deciding that a trial court errs by considering a defendant's statements

when determining the admissibility of evidence at a CrR 3.6 hearing before determining the

admissibility of those statements at a CrR 3.5 hearing, any such error would be harmless beyond

a reasonable doubt here. The trial court ultimately conducted a CrR 3.5 hearing to determine the

admissibility of Witkowski's pre-*Miranda* statements[10] and concluded that the statements were

admissible because Witkowski was not in custody for purposes of *Miranda* when making the

statements. Because Witkowski does not challenge the trial court's CrR 3.5 ruling on the

admissibility of his statements, any error in considering those statements at the CrR 3.6 hearing

is harmless beyond a reasonable doubt.

D.      *Failure To Timely Prepare Findings and Conclusions*

Next, Witkowski contends that the State violated his constitutional rights by failing to

timely prepare proposed findings of fact and conclusions of law for the CrR 3.5 and 3.6 hearings

as ordered by the trial court. Although the trial court requested the State to prepare and submit

proposed findings and conclusion before the start of jury deliberations, it is unclear from the

record whether the delay in entering written findings and conclusions was due to the State's

failure to comply with this request or for other reasons. Regardless, as addressed above, a trial

court may submit written findings and conclusions while an appeal is pending "if the defendant

---

[10] The State did not seek to admit any post-*Miranda* statements made by Witkowski at the CrR
3.5 hearing and did not present any such statements at the CrR 3.6 hearing.

16

is not prejudiced by the belated entry of findings," and we do not infer any prejudice from the delay alone. *Cannon*, 130 Wn.2d at 329; *Head*, 136 Wn.2d at 625.

Here, Witkowski does not identify any specific prejudice resulting from the State's alleged failure to timely prepare and submit proposed findings and conclusions or the trial court's belated entry of those findings and conclusions. Instead, Witkowski asserts that the State's failure to timely submit proposed findings and conclusion violated his rights under the United States and Washington Constitutions to due process, equal protection, a fair trial, and to the administration of justice without unnecessary delay. But Witkowski does not explain how the State's failure violated these rights. This assertion of constitutional violations without explanation are insufficient to "inform the court of the nature and occurrence of alleged errors" and, thus, we do further consider it. RAP 10.10(c); *see also State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992) ("'[N]aked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'" (internal quotation marks omitted) (quoting *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986))).

E.     *Right to Counsel*

Next, Witkowski contends that his right to counsel was violated when he was made to appear at post-judgment proceedings absent legal representation. Because there is nothing in the record showing that Witkowski was unrepresented at a critical stage of his criminal proceedings, we do not further consider this contention.

F.     *Cumulative Error*

Finally, Witkowski contends in his SAG that cumulative error denied his right to a fair trial. We disagree. The cumulative error doctrine applies when several errors occurred at the

17

trial level, none of which alone warrants reversal, but the combined errors effectively denied the defendant a fair trial. *State v. Hodges*, 118 Wn. App. 668, 673-74, 77 P.3d 375 (2003). Apart from the scrivener's errors in Witkowski's judgment and sentence, which are appropriately remedied by remanding for corrections, he has not demonstrated any error occurred at trial. Accordingly, the cumulative error doctrine does not apply, and we affirm Witkowski's convictions.

We affirm Witkowski's convictions and remand for a correction of the scrivener's errors in his judgment and sentence consistent with this opinion.

IV. PERSONAL RESTRAINT PETITION

Witkowski raises several ineffective assistance of counsel claims in a personal restraint petition that we have consolidated with his direct appeal. Specifically, Witkowski argues in his petition that his defense counsel was ineffective for (1) failing to request a *Franks* hearing, (2) failing to request a *Casal* hearing, (3) failing to propose certain jury instructions, (4) failing to object to prosecutorial misconduct, (5) failing to object to the State's discovery violations or *Brady*[11] violations, (6) failing to call witnesses to testify at trial, (7) failing to interview the State's witnesses before trial, (8) failing to hire an investigator or personally conduct an investigation, (9) making false or misleading statements during closing argument, and (10) failing to prepare a presentence investigation. Witkowski also appears to argue that Deputy Zurfluh exceeded the scope of a *Terry* stop or search pursuant to an arrest when he conducted a warrantless search of the vehicle's trunk and of the contents in the trunk. We deny Witkowski's petition.

---

[11] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

No. 49708-5-II;
Consolidated with No. 50725-1-II

To obtain relief through a personal restraint petition, Witkowski must show either constitutional error that resulted in actual and substantial prejudice or nonconstitutional error that resulted in a complete miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810-13, 792 P.2d 802 (1990). Additionally, Witkowski must support his claims of error with a statement of facts on which his claim of unlawful restraint is based and the evidence available to support his factual allegations; he cannot rely solely on conclusory allegations. RAP 16.7(a)(2); *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 365, 759 P.2d 436 (1998); *see also Cook*, 114 Wn.2d at 813-14.

A.      *Failure To Request Franks Hearing*

Witkowski first argues in his petition that his counsel was ineffective for failing to request a *Franks* hearing. We disagree.

As we noted when addressing this same claim in Witkowski's direct appeal, the record does not show any allegations of the search warrant affiant making deliberate misrepresentations that were material to the issuing court's probable cause finding. And Witkowski does not identify in his petition any evidence outside the direct appeal record showing that the search warrant affiant had made such misrepresentations. Because "allegations of deliberate falsehood or of reckless disregard for the truth . . . accompanied by an offer of proof" are required to be entitled to a *Franks* hearing, and because Witkowski does not identify any evidence showing that the search warrant affiant had made such falsehoods, he cannot show that the trial court would have granted a request for a *Franks* hearing. 438 U.S. at 171. Accordingly, he fails to demonstrate any prejudice resulting from defense counsel's decision to not request a *Franks* hearing, and his claim of ineffective assistance of counsel on this ground fails.

19

B.      *Failure To Request a Casal Hearing*

Next, Witkowski argues in his petition that his counsel was ineffective for failing to

request a *Casal* hearing.  Again, we disagree.

As we noted when addressing this same claim in Witkowski's direct appeal, the record

does not show that Witkowski had any information casting a reasonable doubt on material

representations made by a search warrant affiant regarding statements attributed to a confidential

informant.  And Witkowski does not identify in his petition any evidence outside the direct

appeal record that casts a reasonable doubt on the affiant's representations.  Because information

casting a reasonable doubt on the affiant's representations is a necessary prerequisite to a *Casal*

hearing, Witkowski cannot show that the trial court would have granted a request for a *Casal*

hearing.  103 Wn.2d at 820.  Accordingly, he fails to demonstrate any prejudice resulting from

defense counsel's decision to not request a *Casal* hearing, and his claim of ineffective assistance

of counsel on this ground fails.

C.      *Failure To Request Jury Instructions*

Next, Witkowski argues in his petition that his counsel was ineffective for failing to

request a lesser-included offense jury instruction and a jury instruction regarding testimony of an

accomplice.  Again, we disagree.

Witkowski does not support his claim regarding a lesser-included offense jury instruction

with a statement of facts and the evidence available to support his factual allegations as required

under RAP 16.7(a)(2).  Instead, he merely concludes that his "State and Federal Constitutional

rights to effective counsel were violated by his attorney's failure to ask for jury instructions for

any lesser included offenses," without identifying any particular lesser-included offense jury

20

instruction to which he would have been entitled had defense counsel requested it. Petition at 8.

Because Witkowski's claim on this issue fails to comply with RAP 16.7(a)(2), we do not further

consider it.

Witkowski similarly fails to support his claim regarding an accomplice testimony jury

instruction with a statement of facts and the evidence available to support his factual allegations

as required under RAP 16.7(a)(2). Moreover, this claim clearly lacks merit as the State did not

present any testimony from an alleged accomplice to Witkowski's crimes at trial.

D.      *Failure To Object to Prosecutorial Misconduct*

Next, Witkowski argues in his petition that his counsel was ineffective for failing to

object to numerous instances of prosecutorial misconduct. But Witkowski does not identify any

particular instance of prosecutorial misconduct to which his defense counsel should have

objected. Accordingly, his claim on this issue fails to comply with RAP 16.7(a)(2), and we do

not further address it.

E.      *Failure To Object to Discovery Violations or Brady Violations.*

Next, Witkowski argues in his petition that his counsel was ineffective for failing to

object to the State's discovery violations or violations under *Brady v. Maryland*, 373 U.S. 83, 83

S. Ct. 1194, 10 L. Ed. 2d 215 (1963). But Witkowski does identify any evidence supporting his

factual allegation that the State committed a discovery violation or a *Brady* violation.

Accordingly, we do not further consider this claim. RAP 16.7(a)(2).

F.      *Remaining Ineffective Assistance of Counsel Claims*

Witkowski fails to support any of his remaining ineffective assistance of counsel claims

with a statement of facts and the evidence available to support his factual allegations as required

21

No. 49708-5-II;
Consolidated with No. 50725-1-II

under RAP 16.7(a)(2). Instead, he merely concludes without explanation that his counsel was ineffective for "failing to call any defense proposed witnesses, failing to interview State witness[es] pre-trial, failing to hire investigator, or personal[ly conduct] pre-trial investigations himself," making "false/misleading statement confirming State's assertion of guilt in counsel's closing statement/remark," and "failing to prepare pre-sentence investigation/recommend DOSA review." Petition at 2. These conclusory allegations are insufficient to meet the requirements of RAP 16.7(a)(2) and, thus, we do not further consider Witkowski's remaining claims. *Williams*, 111 Wn.2d at 365; *Cook*, 114 Wn.2d at 813-14.

G.      *Vehicle Search*

Finally, although difficult to discern, it appears Witkowski argues in his petition that Deputy Zurfluh exceeded the scope of a permissible *Terry* stop or exceeded the scope of a search incident to arrest by conducting a warrantless search of the locked trunk of the vehicle and of the contents therein.[12] This claim lacks merit as the unchallenged findings from the CrR 3.6 hearing show that Zurfluh did not search the vehicle until after he had obtained a warrant. Accordingly, we deny Witkowski's petition.

---

[12] In apparent response to this argument, the State asserts that Witkowski's claim must fail in part because he failed to provide this court with a copy of the search warrant issued in this case, which was admitted as exhibit 2 at the CrR 3.6 suppression hearing. We again remind the State that it is not the petitioner's burden to provide the record related to claims of error. RAP 16.7(a)(2) requires the petitioner to provide a statement of facts upon which his or her claim is based and to indicate what evidence is available to support those claims. RAP 16.7 does not require the petitioner to provide records from court proceedings. Instead, RAP 16.9(a) places the burden of providing a record from relevant proceedings on the State, stating in part, "If an allegation in the petition can be answered by reference to a record of another proceeding, the response should so indicate *and include a copy of those parts of the record that are relevant.*" (Emphasis added.) Because we may resolve Witkowski's claim without reference to the contents of the search warrant issued in this case, the State's continued misconception of its burden under RAP 16.7 is of no consequence in this present action.

22

No. 49708-5-II;
Consolidated with No. 50725-1-II

In summary, we affirm Witkowski's convictions, remand for a correction of the scrivener's errors in his judgment and sentence consistent with this opinion, and deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, C.J.

Melnick, J.

23